# W. C. ADAMS *v.* CUMBERLAND INN CO.*

## (*Knoxville.* September Term, 1906.)

1. **NEGLIGENCE.** Action for injury proximately caused by violation of or by noncompliance with common law, statute, or city ordinance, when.

As a general rule, the violation of law (whether the common law, statute, or city ordinance), or the failure to discharge and perform a duty imposed by law in the interest of the public, is actionable negligence, and any one coming within the protection of the law, or intended to be benefited by it, who suffers an injury peculiar to himself, proximately caused by the violation of the law or by noncompliance with it, may maintain an action against the offender for the injuries sustained by him. (*Post, p.* 477.)

Cases cited and approved: Queen v. Dayton Coal & Iron Co., 95 Tenn., 458; Weeks v. McNulty, 101 Tenn., 495; Railway v. Haynes, 112 Tenn., 712.

2. **HOTELS AND LODGING HOUSES.** Regular boarder is included in a statute and city ordinance requiring keepers or proprietors to provide fire escapes.

The statute (Acts 1899, ch. 178, secs. 1, 2, 3, and 9) and a city ordinance, requiring the keeper or proprietor of every lodging house over two stories in height to provide means of escape in case of fire, includes and protects a regular boarder as well as a transient guest. (*Post. pp.* 475-478.)

Acts cited and construed: 1899, ch. 178, secs. 1, 2, 3, and 9.

---

*As to liability for injuries caused by absence of fire escapes, see note to Rose v. King (Ohio), 15 L. R. A., 160.

Adams v. Inn Co.

**3. SAME.** Statute requiring keepers or proprietors to furnish rope or rope ladder fire escapes does not impose the duty on the owner of a hotel operated by a lessee.

The statute (Acts 1899, ch. 178, sec. 1), requiring the keeper or proprietor of certain hotels or lodging houses to provide ropes or rope ladders for the escape of lodgers in case of fire does not impose this duty on the owner of a hotel operated by a lessee. (*Post, pp.* 475, 476, 478, 479.)

Acts cited and construed: 1899, ch. 178, secs. 1 and 2.

**4. SAME.** Statute requiring certain fire escapes by owners of hotels over certain dimensions does not apply to a hotel not exceeding those dimensions.

The statute (Acts 1899, ch. 178, sec. 2), requiring the owner of every hotel or lodging house over three stories in height or over one hundred and fifty feet in length to provide certain iron balconies with iron stairs from one balcony to the other, does not apply to a hotel not exceeding those dimensions. (*Post, pp.* 476, 479.)

Acts cited and construed: 1899, ch. 178, sec. 2.

**5. SAME.** Statute requiring certain hotels thereafter constructed to be provided with certain stairways does not apply to hotels previously erected, though changes are subsequently made.

The statute (Acts 1899, ch. 178, sec. 9), providing that all hotels and lodging houses hereafter constructed of certain dimensions shall have certain stairways, does not apply to a hotel built previous to the enactment of such statute, although inconsiderable changes and additions are made after the enactment. (*Post, pp.* 476, 479.)

Acts cited and construed: 1899, ch. 178, sec. 9.

**6. SAME.** City ordinance requiring fire escapes is a valid police regulation, when.

A city ordinance imposing upon the owners of hotels, lodging houses, and certain other buildings the duty of placing fire

escapes upon them, when authorized by the charter of the city, is a reasonable and valid police regulation. (*Post, pp.* 476, 477, 479.)

Acts cited and construed: 1897, ch. 161, sec. 9, subsec. 23.

7. **SAME.** Same. City ordinance is effective from its passage, though notice be required to enforce penalty, when.

A city ordinance requiring fire escapes to be attached to certain hotels and other buildings, and providing that any owner refusing to attach them, upon notice of the city fire board, shall be liable, upon conviction, to a penalty of five dollars per day, was effective from its passage upon the owners of such buildings, notwithstanding the provision as to notice, because the notice is only necessary to subject the owner to the penalty. (*Post, pp.* 476, 477, 479.)

8. **SAME.** Questions as to proper equipment of fire escapes under city ordinance, and whether failure to so equip was proximate cause of injury, are for the jury; and direction of verdict is error, when.

In an action by a guest or boarder at a hotel against the owner thereof for personal injuries received in being compelled to jump from a third story window during a fire to save his life, it is reversible error for the trial judge to direct a verdict in favor of the defendant, where there is evidence tending to show that, if the hotel had been properly equipped with fire escapes, as required by city ordinance, the plaintiff could have reached them and made his exit safely, and whether this was so or not, or whether the failure to attach the fire escapes was the proximate cause of the injury, was a question for the jury, as well as what would be a proper equipment of fire escapes and proper compliance with the city ordinance requiring them to be attached by the owner. (*Post, pp.* 476, 477, 479-481.)

Case cited and approved: Weeks v. McNulty, 101 Tenn., 495.

9. **SAME.** Noncompliance with city ordinance requiring fire escapes cannot be waived, as public policy forbids such waiver.

A boarder or guest at a hotel does not waive compliance with a

Adams v. Inn Co.·,

city ordinance, requiring fire escapes to be attached, by con-
tinuing to occupy a room in the hotel for six months with full
knowledge that there were no fire escapes upon the building,
for the reason that individuals affected cannot suspend such
law by waiver or express contract, as to permit this would be
against public policy. (*Post, pp.* 476, 477, 479-481.)

## FROM CAMPBELL.

Appeal from the Circuit Court of Campbell County.—
G. Mc. HENDERSON, Judge.

AGEE & PETERS and L. H. CARLOCK, for Adams.

W. A. OWENS and H. B. LINDSAY, for Inn Co.

MR. JUSTICE SHIELDS delivered the opinion of the
Court.

W. C. Adams sues the Cumberland Inn Company to
recover damages for personal injuries sustained by him
upon these facts:

The Cumberland Inn Company, a corporation under
the laws of Tennessee, was the owner of a brick hotel,
three stories high, fronting fifty feet upon one of the
principal streets of the city of La Follette, and one hun-
dred feet long, built in 1898, which it had leased to
Mrs. Harmon, who was in possession and personally car·

rying on therein a hotel business.   The hotel was not
furnished or equipped with balconies and ladders on the
outside, or with ropes or ladders in the several rooms,
or other appliances to enable those occupying it to es-
cape in case of fire.   It had only one stairway leading
from the third story, and that was located in the rear
part of the building.   The plaintiff was boarding with
Mrs. Harmon, and had occupied one of the front rooms
in the third story for six months previous to May 10,
1904.   Upon said day, at an early hour in the morning,
the entire building was consumed and destroyed by fire.
Plaintiff was in his room at the time, and when he awoke
and discovered the fire, it had proceeded to such an ex-
tent that it was impossible for him to go to the rear,
where the stairway was located, and there descend; but
he was compelled, in order to save his life, to jump from
the window of his room in the third story to the street,
whereby he sustained serious personal injuries.  The neg-
ligence relied upon to sustain the action is the failure of
the Cumberland Inn Company to furnish and equip the
hotel with fire escapes, ropes, and ladders as provided
for by sections 1, 2, and 9, of an act passed by the
general assembly on March 18, 1899 (chapter 178, p.
352, Acts 1899), and an ordinance of the city of La
Follette in force at the time of the fire.

The case was tried upon a plea of not guilty, and
upon the conclusion of the entire evidence, upon motion
of the defendant, the trial judge instructed the jury to
find a verdict in favor of the defendant, which was done;

and from a judgment thereon, dismissing the plaintiff's suit, he has prosecuted an appeal in the nature of a writ of error to this court, and assigns this action of the trial court as error.

Chapter 178, p. 352, of the Acts of 1899 is entitled "An act to provide for the better protection of life against fire in hotels and lodging houses in the State." Sections 1, 2, 3, and 9 of this act are the only ones here involved, and are in these words:

"Section 1. Be it enacted by the general assembly of the State of Tennessee, that it is hereby made the duty of every keeper or proprietor of every hotel or lodging house in the State over two stories in height to provide and securely fasten in every lodging room above the second story which has an outside window, and is used for the accommodation of guests, or employees, a rope or rope ladder for the escape of the lodgers therein in case of fire, of at least one inch in diameter, which shall be securely fastened within each room, as near a window as practicable, and of sufficient length to reach therefrom to the ground on the outside of such hotel or lodging house, and made of strong material, and as secure against becoming inflamed as practicable. Such rope or rope ladder shall be kept in good repair and condition. In lieu of a rope or rope ladder there may be substituted any other appliance that may be deemed of equal or greater utility by the fire department or other authority as may have control of fire regulations in the city or town where such hotel or lodging house is located,

but such appliance shall in all cases be so constructed as to be under the control and management of any lodger in such room.

"Sec. 2. Be it further enacted, that every hotel or lodging house in this State, over three stories in height, shall be provided without delay with permanent iron balconies, with iron stairs leading from one balcony to the other, to be placed at the end of each hall above the third story in case such hotel is over one hundred and fifty feet in length, and in other cases such number as may be directed by the fire department or such other authority as may have the control of fire regulations in city or town where such hotel or lodging house is located. Such balconies and iron stairs shall be constructed at the expense of the owner of such hotel or lodging house.

"Sec. 3. Be it further enacted, that it shall be the duty of every such proprietor or keeper of any hotel or lodging house to call attention to the fact that this act has been complied with, and the part of such room where such coil or rope or rope ladder is fastened."

"Sec. 9. Be it further enacted, that all hotels or lodging houses hereafter constructed in this State, over two stories in height, and over one hundred feet in length, shall be constructed so that there shall be at least two stairways for the use of guests leading from the ground floor to the upper story."

The ordinance of the city of La Follette is as follows:

"Fire escapes shall be attached to all buildings, those

now erected as well as those hereafter to be erected, where any story or stories, above the second story, is now or shall be hereafter held, used, or occupied, specially and distinctly as hotels, taverns, factories, tenement houses, schools, academies, offices, lodge rooms, dwelling houses, or as places for general public meetings, or for the purpose of theatrical or operatic representations; and any owner or agent failing or refusing to attach said fire escapes upon notice of the city fire board, shall be liable, upon conviction, to a penalty of $5 per day for every day such omission continues."

Generally speaking, the violation of a rule of the common law, a statute, or an ordinance of a municipality, or the failure to discharge and perform a duty so imposed in the interest of the public, is actionable negligence, and any one coming within the protection of the law, or intended to be benefited by it, who suffers an injury peculiar to himself, the proximate cause of which is the violation or nonperformance of the law, may maintain an action against the offender for the injuries sustained by him. *Queen* v. *Dayton Coal & Iron Co.,* 95 Tenn., 458, 32 S. W., 460, 30 L. R. A., 82, 49 Am. St. Rep., 935; *Weeks* v. *McNulty,* 101 Tenn., 495, 48 S. W., 809, 43 L. R. A., 185, 70 Am. St. Rep., 693; *Railway* v. *Haynes,* 112 Tenn., 712, 81 S. W., 374.

The questions in this case are whether the facts bring it within the statute or ordinance relied upon, and, if so, has the plaintiff precluded himself from claiming the

benefit of them? The contentions of the parties will appear from the points decided.

1. The plaintiff comes within that portion of the public intended to be benefited and protected by the statute and ordinance. The object of the statute is to protect the lives of all persons occupying hotels or lodging houses, whether they be transient guests, boarders, or employees. The duty is imposed for the benefit of them all, and no distinction is made between guests and boarders. The ordinance is general in its terms, and made for the protection of all persons occupying the buildings included in it.

2. The defendant was not required by section 1 of the statute invoked to provide the rooms of the hotel with ropes, rope ladders, and other appliances for the use of occupants in case of fire. This is a duty imposed upon the keeper or proprietor—that is, the party conducting the hotel, whether he be owner or lessee—and not upon the owner of the property, unless he operates it. This is evident from the provisions of section 2, requiring permanent iron balconies and stairs to be placed upon hotels of certain dimensions at the expense of the owner, and those of section 3, requiring the proprietor or keeper of a hotel or lodging house to call the attention of the guests to the rope and ladder there required to be provided. The owner of the hotel, where he is not personally conducting it, is not supposed to be present all the time, nor to know the guests in it, so as to give them this notice. The Cumberland Inn Com-

Adams v. Inn Co.

pany, in this case, was the owner, and Mrs. Harmon was the keeper or proprietor, of the hotel.

The defendant was not, as owner, required by section 2 of the statute to place iron balconies and stairs upon the house, because it was not over three stories high or one hundred and fifty feet long, to which character of buildings only this section applies.

Section 9, requiring all hotels and lodging houses over two stories high and one hundred feet long, constructed after the passage of the act, to have two stairways, is also inapplicable, because this hotel was built in 1898, and the statute was not enacted until March, 1899. The building was used for a hotel when first constructed, and the subsequent inconsiderable changes and additions made by defendant do not bring it within the statute.

3. The ordinance of the city of La Follette, imposing upon the owners of hotels, lodging houses, and the other buildings therein mentioned the duty of placing fire escapes upon them, was authorized by the charter of the city, and is a reasonable and valid police regulation. Page 360, c. 161, section 9, subsec. 23, Acts of 1897. It was effective from its passage upon the owners of all buildings erected or thereafter to be erected. The notice provided for in the concluding clause is only necessary to be given in order to make the owner liable for the penalty of $5 per day there imposed for a failure to comply with the ordinance.

The Cumberland Inn Company insists that it is not liable to the plaintiff for its failure to comply with this

ordinance, because it does not appear that such failure was the proximate cause of plaintiff's injuries, and, further, the plaintiff had waived a compliance with it by continuing to occupy a room in the hotel with full knowledge that there were no fire escapes upon the building.

These positions are not maintainable. There is evidence in the record tending to show that, if the hotel had been properly equipped with fire escapes, the plaintiff could have reached them and made his exit safely. The ordinance does not provide upon what particular part of the hotel or other building fire escapes shall be placed; but upon a fair construction, it requires the owner to construct them in such numbers and at such places as will afford the guests and employees a reasonable opportunity to use them and escape from the house in case of fire. This hotel fronted fifty feet upon the street and extended back one hundred feet. The only stairway leading from the third story was in the rear part of it. It was a question for the jury to say whether a reasonable compliance with the ordinance, considering the construction of the building, would have required the company to place escapes in front and on the sides near the front part of it. There is also proof tending to show that, if this had been done, the plaintiff could have thus escaped and avoided the injuries which he sustained in jumping from his window, and whether this was so or not was also a question for the jury. Of course, if under the facts the plaintiff could not have used fire escapes properly placed, he was not injured

Adams v. Inn Co.

by their absence, and could not maintain his action. *Weeks* v. *McNulty*, supra.

The plaintiff did not waive the duty which the defendant owed to him under the ordinance as an occupant of the hotel, nor assume the risks incident to its occupation in its then condition. The duty of the defendant to place the fire escapes upon its hotel was not a contractual obligation, and the doctrine of assumed risks has no application to this case. The ordinance is a police regulation, made for the protection of human life, and in the interest of that portion of the public occupying hotels and lodging houses. Public policy requires that duties of this kind be discharged, and that all consequences of a failure to do so shall follow. The individuals who are affected cannot suspend the law by waiver or express contract. The plaintiff had the right to presume that the defendant would obey the law and would provide the fire escapes, and to continue to occupy his room upon the faith of such presumption.

Contributory negligence of the injured party in producing the injuries sustained by him is another question, and, where it is the proximate cause of such injuries, constitutes a good defense.

We think, therefore, that upon the facts disclosed in this record, the plaintiff made out a case, which he was entitled to have submitted to the jury under a proper charge of the court. The judgment of the circuit court is reversed, and the case remanded for a new trial.