[Civ. No. 3663. Second Appellate District, Division Two.—October 30, 1922.].

# FRANCISCO MARTELLO, Respondent, v. TONY M. BELETICH et al., Appellants.

[1] NEGLIGENCE—KEEPING OF AUTOMOBILE IN ROOMING-HOUSE—VIOLATION OF ORDINANCE—ISSUES—FINDINGS.—In this action to recover for damage suffered by plaintiff through the burning of a house owned by defendants, they having rented to plaintiff a room in the dwelling and he having been an occupant of the room at the time of the fire, the findings of the trial court to the effect that the house was burned by fire "by reason of the carelessness and negligence of the said defendants herein and each of them," and that the fire was caused by the defendants "carelessly and negligently and in violation of law, keeping an automobile in a room of said dwelling," were responsive to the issues made by the pleadings and they supported the judgment in favor of plaintiff.

[2] ID.—KNOWLEDGE OF INFRACTION—WAIVER OF STATUTORY DUTY.—The duty imposed upon the defendants to keep their automobile elsewhere than in the dwelling in which they had rented a room to plaintiff having been an obligation imposed by a salutary police regulation, that duty was not waived by plaintiff's mere passive quiescence, even though with knowledge of the infraction of the ordinance. (Concurring opinion of Finlayson, P. J.)

APPEAL from a judgment of the Superior Court of Los Angeles County. Russ Avery, Judge. Affirmed.

The facts are stated in the opinion of the court.

Albert J. Sherer and Robert Young for Appellants.

Wilbert C. Hamilton and Otto C. Eigholz for Respondent.

WORKS, J.—This is an appeal upon a judgment-roll alone. The action was one to recover for damages suffered by plaintiff through the burning of a house owned by defendants, they having rented to plaintiff a room in the dwelling and he having been an occupant of the room at the time of the fire. Plaintiff had judgment and the defendants appeal.

[1] The sole point made by appellants is that the findings do not support the judgment. The complaint charged in

part that appellants kept an automobile under the same roof which covered the dwelling and in a place which was a portion of the building, in defiance of the terms of a city ordinance denouncing the keeping of automobiles in such places. The answers of the appellants alleged affirmatively that respondent knew at all times during his occupancy of the room that appellants kept the automobile in the place mentioned. The trial court found this affirmative allegation to be true, and the contention of appellants is that this finding required a judgment in their favor. Respondent contends, however, that he was entitled to judgment because of other findings made by the trial court. These were to the effect that the house was burned by fire ''by reason of the carelessness and negligence of the said defendants herein and each of them,'' and that the fire was caused by the defendants ''carelessly and negligently *and* in violation of law, keeping an automobile in a room of said dwelling,'' the italics being ours. These two findings, it is to be observed, amount to a determination by the trial court on the facts that appellants were careless and negligent in the *manner* of the keeping of the automobile, entirely aside from the determination that they kept it in a certain place in violation of the terms of the city ordinance. The only difficulty in this situation is as to whether the two findings are upon issues made by the pleadings, but we have concluded that they are. This matter is not mentioned in the briefs, but we nevertheless feel it necessary to discuss it. The complaint alleges, in a separate paragraph, ''That said dwelling being burned on said date, was caused by the defendants . . . carelessly and negligently keeping an automobile in a room in said dwelling.'' It is to be observed that this paragraph standing alone is a sufficient allegation of general negligence, at least, in the absence of a special demurrer. It is, however, followed by a paragraph alleging the existence of the city ordinance to which we have already referred; a circumstance which *may* give support to the view that the pleader intended to base his charge of negligence only upon a keeping of the car in defiance of the terms of the ordinance. The whole affair, however, is settled by the allegations of the answers. Each of these, the defendants having answered separately, contains the following, italics being ours: ''In answering . . . said complaint, this defendant de-

nies that the burning of the said dwelling . . . *was caused by the carelessly or negligently keeping of an automobile* by the defendants, in a room of said dwelling, *or at all;* but *this defendant alleges that,* on the contrary, *the automobile* kept upon the premises . . . *was kept with due care."* With the pleadings in this condition we are convinced that the question of negligence, aside from the matter of the existence of the city ordinance, was in the case, and that the two findings we have mentioned were responsive to the issues. Respondent was therefore entitled to judgment.

Judgment affirmed.

Craig, J., concurred.

FINLAYSON, P. J., Concurring.—I concur. [2] Even if the trial court's findings should be construed as meaning that defendants' sole negligence lay in their violation of the city ordinance, nevertheless plaintiff's knowledge that defendants were violating this police measure would not be a defense to the action. The duty imposed upon defendants by the ordinance to keep their automobile elsewhere than in a part of the rooming-house was not a contractual obligation. It was an obligation imposed upon defendants by a salutary police regulation. The doctrine of the assumption of the risk does not apply. Public policy forbids that the duty which defendants owed to plaintiff to keep their automobile out of the rooming-house should be waived by plaintiff's mere passive quiescence, even though with knowledge of the infraction of the ordinance. In *Adams* v. *Cumberland Inn Co.,* 117 Tenn. 470 [101 S. W. 428], it was held that one who continues to occupy a room in a hotel for six months with knowledge that there are no fire-escapes on the building as required by ordinance does not thereby waive a compliance with the ordinance. The doctrine is there stated as follows: "The plaintiff did not waive the duty which the defendant owed to him under the ordinance as an occupant of the hotel, nor assume the risks incident to its occupation in its then condition. The duty of the defendant to place the fire-escapes upon its hotel was not a contractual obligation, and the doctrine of assumed risks has no application to this case. The ordinance is a police regulation, made for the protection of human life, and in the interest of that

portion of the public occupying hotels and lodging-houses. Public policy requires that duties of this kind be discharged, and that all consequences of a failure to do so shall follow. The individuals who are affected cannot suspend the law by waiver or express contract."