[Civ. No. 6410.   First Appellate District, Division One.—June 24, 1929.]

ERIC ELM et al., Respondents, v. KATHLEEN BENNETT, Appellant.

Bronson, Bronson & Slaven and Harold R. McKinnon for Appellant.

Irvine P. Aten for Respondents.

KNIGHT, J.—Appellant, a high school student, accompanied by two girl companions named Astrid Elm and Adeline Harding, was driving a Ford coupe along what is called the Copper King Road, near Fresno, about 4 o'clock in the afternoon, returning from a high school picnic; and while rounding a curve in the road on a slight descent in the grade, at a speed of between twenty and twenty-five miles an hour, the coupe ran into a rut in the left side of the road, caused by recent rains, and after swerving across the road climbed a slight bank, ran into a tree standing three or four feet distant from the road, and overturned, causing the death of Miss Elm. As a result of the accident, the parents of the deceased brought this action for damages, and upon trial before the court sitting without a jury, the court found, as alleged in the complaint, that the accident was proximately caused by appellant's negligent operation of the automobile, and further found that there was no contributory negligence on the part of the deceased. Thereupon judgment was entered in favor of the respondents for two thousand five hundred dollars, from which judgment the appeal herein is taken.

Appellant concedes that the evidence relating to the question of her negligence is sufficiently conflicting to preclude an inquiry into the trial court's finding on that issue,

but she contends, as sole ground for reversal, that the evidence shows without conflict that when the coupe struck the rut Miss Elm negligently contributed to the accident by grasping the steering wheel. This contention is based alone upon the testimony of appellant, the essential part of which was as follows: ''As we hit the rut Miss Elm grabbed the wheel. That pulled me to the other side. We hit the tree, and that was the last I knew until we got up . . . '' However, in apparent contradiction of appellant's testimony, Miss Harding, who was seated in the coupe between appellant and the deceased, testified that although she could not say ''absolutely'' that Miss Elm did not reach for the steering wheel, she did not see her do it, and that in order for Miss Elm to have done so it would have been necessary for Miss Elm to have reached in front of her. Furthermore, appellant admits that she did not see the tree until the coupe was within a few feet of it; that at no time did she apply the brakes, and that after seeing the tree she did not ''do anything to avoid hitting it,'' because, as she explained, they ''were too close to it.'' We are of the opinion that the foregoing evidence presents a fair and reasonable ground for a difference of opinion as to whether or not Miss Elm interfered in any manner with the operation of the automobile, and therefore raises such a conflict as to preclude this court from interfering with the trial court's decision thereon (*Felsenthal* v. *Warring*, 40 Cal. App. 119 [180 Pac. 67]).

Moreover, in order that the negligence of a plaintiff may release a defendant from liability, such negligence must contribute proximately to the injury complained of; it must concur and co-operate with the negligence of the defendant up to the very time of the injury, and recovery is not barred if it is so remote as to become a condition and not a cause in the chain of causation (19 Cal. Jur. 649). The undisputed evidence in the case at bar as to the physical conditions present immediately following the accident shows that after the coupe struck the rut in the left side of the road it swerved across the road into a gutter running parallel with the right side of the road, and continued to run in and out of the gutter for a distance of about seventy-five feet; that it then turned slightly to the right, ran up the bank and was headed directly for the tree until within a few feet of it,

when it turned sharply to the left, so that the side of the coupe instead of 'the front of it struck the tree. Even though it be assumed, therefore, as appellant claims, that Miss Elm did grasp the wheel, it may be reasonably inferred from the facts stated that she did so only when the coupe was within a few feet of the tree, after appellant had apparently lost control of the automobile, and in an effort to steer it clear of the tree and thus avert a head-on collision which at that moment seemed inevitable. And if such be the fact it is legally sufficient to support the conclusion that Miss Elm's act in grasping the wheel did not contribute to the collision, as appellant contends, but at most resulted in preventing disaster to the other occupants of the car.

It is our conclusion that the facts above set forth are legally sufficient to sustain the findings. The judgment is, therefore, affirmed.

Tyler, P. J., and Cashin, J., concurred.