ROSE *v.* RATHER.

(In Banc.   Dec. 23, 1940.)

[199 So. 299.  No. 34349.]

W. I. Stone, of Coffeeville, for appellant.

Lester G. Fant, Sr. & Jr., Hindman Doxey, and L. A. Smith, Jr., all of Holly Springs, for appellee.

Argued orally by **W. I. Stone**, for appellant, and by **Lester G. Fant, Jr.**, and **Hindman Doxey**, for appellee.

**Griffith, J.**, delivered the opinion of the court.

The Traveler's Inn, at Holly Springs, was a two-story brick hotel. It was entirely destroyed by fire on the night of November 28, 1939. The property, that is to say, the realty, was owned by appellee, but the hotel was being operated under a lease, and appellee had no part in or connection with the operations.

Appellant was a guest in the hotel and occupied an outside room on the second floor. At about two o'clock in the morning he was awakened by alarms of fire, whereupon he attempted to make his exit by way of the door of his room, but upon opening the door he found that the fire and smoke then in the hall at the door made it impossible for him to go beyond the door itself. He immediately closed the door, and made an improvised rope by tying bed sheets together, and sought to let himself to the ground through the window by the use of the improvised rope, but the rope broke and appellant was seriously injured. For the damages for the personal in-

juries appellant brought an action against the owner or lessor, but the lessees, those operating the business, were not joined as parties.

There are general allegations tending to charge that the hotel building was so constructed in respect to its hallways, stairways and the like as to afford no adequate means of escape from the building in case of fire; but all those charges must be laid aside because the undisputed proof is that, as already stated, appellant could not get outside of the door of his room and into any hallway or to any stairway, so that had the means of escape through the door of his room been of every conceivable adequacy they would have been of no avail to appellant. There was, therefore, no causal connection between the inadequacies charged and the resulting injury—the inadequacies charged were not the proximate cause of the injury. And there is no contention that there is any obligation, either at the common law or by statute, to furnish special means of escape through an outside window, other than the window itself, in a hotel building which does not exceed two stories in height.

Appellant urges that he is entitled to recover because there had been no compliance with Section 4693, Code 1930, which reads as follows: "The proprietor or keeper of all hotels or public lodging houses shall provide a large alarm bell or gong, which shall be placed and kept near the office, to be used to alarm the inmates of such hotel or lodging house in case of fire therein, and for no other purpose."

Appellant contends that the word "proprietor" in that section includes owner; but when we consider all the sections of the Code from Sections 4688 to 4695, dealing with safety measures in hotels and lodging houses, it is the proper conclusion, we think, that the obligations of the owner of the ultimate title to the real property are only in respect to those requirements which appertain to permanent fixtures—those which, when furnished, become

a part of the realty itself according to the usual rules regarding real estate fixtures. The alarm bell or gong mentioned in the quoted section is not of that nature.

For instance, in Section 4688, there is the requirement that every proprietor or keeper of a hotel or lodging house of over two stories in height shall provide in every outside room a rope or rope ladder. There was the same requirement under the laws of Tennessee, but the Supreme Court of that state in Adams v. Cumberland Inn Co., 117 Tenn. 470, 101 S. W. 428, held that: "The statute . . . requiring the keeper or proprietor of certain hotels or lodging houses to provide ropes or rope ladders for the escape of lodgers in case of fire does not impose this duty on the owner of a hotel operated by a lessee."

Affirmed.