[Civ. No. 15145.   Second Dist., Div. Two.   June 18, 1946.]

PERCY FRIEDMAN, Appellant, v. PACIFIC OUTDOOR ADVERTISING COMPANY (a Corporation) et al., Respondents.

Hindman & Davis, Isadore I. Smuckler and Huntington P. Bledsoe for Appellant.

Reginald I. Bauder and Edward W. Tuttle for Respondents.

948

MOORE, P. J.—The question for decision is whether the former occupant of a building which was destroyed by fire caused by the flames of an unlawful burning of rubbish on an adjacent vacant lot is barred from recovery by reason of the fact that on one or more occasions prior to the date of the fire he had cast his own waste matter into a bonfire which had been made by the occupants of such lot.

From a judgment in favor of defendants denying recovery to plaintiff on account of losses suffered by the burning of his personal property located in a building which was destroyed by fire whose origin was on the lot adjacent to such building Friedman appeals. His coplaintiff, Los Angeles Canvas and Supply Company, owner of the building in question, recovered the value of its losses, which judgment was presumptively settled.* The grounds of his appeal are: (1) The evidence is insufficient to support the conclusion that appellant is barred by reason of his contributory negligence; (2) knowledge by appellant that respondents had on prior occasions violated city ordinances and committed negligent acts does not bar him from recovery.

Appellant conducted his manufacturing business and kept machines and other personal property of the value of $5,052.77 stored in the rear portion of the building of the Los Angeles Canvas and Supply Company at 1013 North Mission Road in the city of Los Angeles, herein referred to as the corporation's building. Adjacent and contiguous to the building was a vacant lot used by respondent Pacific Outdoor Advertising Company, hereinafter referred to as respondent, for the purpose of dumping and maintaining thereon waste paper, shrubbery cuttings and other combustible waste material collected from its various properties in the city. The defendant Evans was an independent contractor engaged for the purpose of tending and keeping clean the various properties of respondent throughout the city of Los Angeles used by it for advertising purposes, and made such collections and deposits.† He burned such accumulated waste material every three or four weeks without the use of incinerator and in an open bonfire and closer than 25 feet to the corporation's building, in viola-

*No satisfaction of the judgment appears in the record and there is no mention of any disposition thereof in the briefs.

†Inasmuch as the only brief filed on behalf of the defense appears to be on behalf of the defendant company it is assumed that defendant Evans chose not to follow the appeal.

tion of ordinances of the city of Los Angeles. The municipal code inhibits the burning of brush, waste material, dry grass and weeds on any lot not set aside for such purposes by public authority, without having first obtained a permit from the chief engineer of the fire department so to do and forbids any person in charge of a parcel of land to store or allow to exist thereon any dry grass, paper, litter, waste or any combustible material which constitutes a fire hazard. An exception to the foregoing rule provides that outside of any fire or mountain district all such burning of waste and rubbish shall be done in an approved incinerator at a distance of more than 25 feet from any building, ''with a competent person in constant attendance until all fire is extinguished.'' The violation of any of such code provisions is declared to be a misdemeanor and the conditions caused by the deposit of such rubbish and waste material on a vacant lot in violation of such ordinance is deemed a public nuisance. (Mun. Code, city of Los Angeles, §§ 57.00, 57.04, 57.24, 57.43, 11.00; Ordinance 77,000 of the city of Los Angeles.)

On June 27, 1943, while such rubbish and waste material lay in a pile upon the vacant lot, defendant Evans with the consent of respondent set fire thereto and thereafter left the fire before it had been extinguished and without leaving a competent person in charge, and negligently permitted the fire to spread to the dry grasses and other inflammable materials upon the lot and to ignite the corporation's building, resulting in the destruction of its contents including the personal property of appellant. Such illegal act of defendants directly caused the destruction of appellant's movables, the value of which was found to be $5,052.77.

In addition to the foregoing facts the court also determined that the damage suffered by appellant was concurrently caused and contributed to by his own negligence; that the conduct of Evans in the burning of the rubbish was open and obvious to appellant; that the latter had knowledge prior to June 27, 1943, of the uses to which defendants put the vacant lot in storing and maintaining combustible materials.

From the facts so found the court concluded that appellant was not entitled to recover the value of his destroyed property and that he should take nothing by his action.

The evidence as to whether appellant was contributorily negligent in causing the burning of his movables is as follows;

(1) The testimony of defendant Evans was that he had been engaged by respondent as an independent contractor to collect weekly the waste, cuttings and debris from respondent's several properties used in the conduct of its advertising business. He deposited such rubbish on the vacant lot and approximately every three weeks made a bonfire thereof. The bonfire of June 27, 1943, was 21 feet from the corporation's building. At no time did Evans use an incinerator in which to burn the waste and debris. (2) The testimony of appellant was that he had leased the rear portion of the corporation's building on April 17, 1943, and continued his occupancy to June 27 when his belongings were destroyed. He was absent from the building on the latter date and knew nothing of the burning of the rubbish or that it had been ignited, or that a fire had been left unguarded. Prior thereto he had observed trash being burned on the vacant lot on one or more occasions and in about the same place each time. He kept no incinerator there for his own use nor made objection to respondent's piling or burning the rubbish. On probably two Sundays prior to June 27, 1943, he had put some paper and other waste on a fire which had been set by Evans with the consent of the latter with whom appellant discussed the matter at the time. But when the conflagration attacked the corporation's building appellant was at the office of the United Tent and Awning Company, about two miles west of the fire. When he arrived 15 minutes later the destruction of his part of the corporation's building was practically complete and the firemen were playing water upon it.

### No Contributory Negligence

From such evidence respondent contends that appellant was precluded from recovery under the doctrines of (a) contributory negligence, and (b) *volenti non fit injuria.* In order to establish appellant's liability under either of these doctrines it was essential that defendants prove that appellant consented to the performance of the acts which occasioned his loss (Broom's Legal Maxims, p. 265; Civ. Code, § 3515) ; or, if a nuisance was established by proof of the negligent acts of defendants, it must be shown that appellant had done some act wilfully or negligently which actually and proximately contributed to cause the destruction of his property (*Bosqui* v. *Sutro Railroad Co.,* 131 Cal. 390, 397 [63 P. 682]), and not merely that he omitted to assume that

defendants would violate the city's ordinances enacted for the public welfare. (*Collins* v. *Hodgson,* 5 Cal.App.2d 366, 371 [42 P.2d 700]; *Moreno* v. *Los Angeles Transfer Co.*, 44 Cal.App. 551, 556 [186 P. 800].) ▮ Appellant was under no duty to assume that his property was exposed to a danger which could arise only from a violation of law by another. (*Robbiano* v. *Bovet,* 218 Cal. 589, 597 [24 P.2d 466].) At the time of the fire appellant was far from its environs and had no knowledge of defendants' intention to ignite the rubbish on the vacant lot. ▮ The only proof from which it might be inferred that appellant consented to the burning of the debris on June 27 was his own testimony that on a prior occasion he had thrown waste matter into a bonfire on the lot. He had operated his business in the building only nine weeks and had observed the trash burning on Sundays only. In view of Evans' practice to destroy his collections "every three or four weeks" the occasions of such observations could hardly have exceeded two in number. At both times, however, the fire was guarded by the keeper until it had been extinguished.

Appellant kept no dump of his own scrap or wastage on the lot. While he had on the days mentioned participated in burning the rubbish by casting his own paper into the flames, yet so far as the bonfire on June 27 is concerned appellant neither expressed his consent nor did any act, wilful or negligent, that could be construed as having contributed to the building of the bonfire or the destruction of his property. In fact the court found that appellant did not on that day throw upon or leave on the vacant lot any material or consent to the fire's being left unguarded. Nothing done by appellant in the entire course of Evans' burning of the wastage could have had a causal connection with the fire. The rubbish which appellant had burned on each of the former occasions was ashes only on June 27.

Such former burnings by appellant were too remote from the events of June 27 to be considered contributory causes of the fire. He had no notice of Evans' intention to burn rubbish on that day or of the manner of igniting it or of his plan to leave it unguarded. ▮ In order for the violation of an ordinance to constitute contributory negligence it must contribute directly and proximately to the injury alleged. (*Hurtel* v. *Albert Cohn, Inc.*, 5 Cal.2d 145, 147 [52 P.2d 922]; *Muir* v.

*Cheney Bros., Inc.,* 64 Cal.App.2d 55, 62 [148 P.2d 138].) Before the negligent acts or omissions of a plaintiff can be said to have contributed to the cause of his injuries it must appear that his negligence combined with that of the defendant to produce the result and that together they were the proximate cause. (*Jones* v. *Kansas City Public Service Co.,* 158 Kan. 367 [147 P.2d 723, 725].) ▮ It follows that the acts of appellant on the two previous occasions in placing his wastage in respondent's bonfires were remote from the negligence of defendants on June 27 and therefore had no causal connection with the origin or spread of the flames. ▮ Proof of careless conduct or of mere negligence is insufficient to establish contributory negligence as a defense. (*Monroe* v. *San Joaquin Light & Power Corp.,* 42 Cal.App.2d 641, 651 [109 P.2d 720].)

### Volenti Non Fit Injuria

▮ All that is said above as to the failure of appellant's act to be a contributing cause of the burning of his property applies with equal force in appraising the finding that appellant had knowledge of defendants' maintenance of a nuisance on the vacant lot prior to June 27, 1943. Storing combustible litter on a vacant lot was a violation of the municipal code to which appellant could not consent. One cannot delegate to another an act which he is by law forbidden himself to do. (*Snow* v. *Marian Realty Co.,* 212 Cal. 622 [299 P. 720] ; *Brown* v. *George Pepperdine Foundation,* 23 Cal.2d 256 [143 P.2d 929].) ▮ Appellant owed no duty either to the public or to respondent to remove the rubbish stored on the latter's premises or to prevent defendants from burning it. Appellant did not assume any risk in defendants' use of the vacant lot to burn their rubbish even though the maintenance of the nuisance endangered his property. (*Judson* v. *Giant Powder Co.,* 107 Cal. 549 [40 P. 1020, 48 Am.St.Rep. 146, 20 L.R.A. 718].) In occupying the building adjacent to the vacant lot appellant assumed only such perils as were naturally incident to his position and not those which might result from the negligence of defendants. (19 Cal.Jur. 589 ; *Weaver* v. *Shell Co. of Cal.,* 34 Cal.App.2d 713 [94 P.2d 364].)

▮ The doctrine of *volenti non fit injuria* is not applicable where the injury arises from a violation of an ordinance. Neither does it apply to the maintenance of a nuisance unless the aggrieved party contributed to such maintenance. Even though a person may waive the benefit of a law enacted for his

own benefit an ordinance enacted for the public good cannot be contravened by private agreement. (Civ. Code, § 3513; *Moore Dresden Investment Co.,* 162 Wash. 289 [298 P. 465; 77 A.L.R. 1258]; *L'Heureux* v. *Hurley,* 117 Conn. 347 [168 A. 8].) Appellant neither took part in storing the wastage of respondent on the lot nor deposited any of his own to await a day of burning. On the contrary respondent made it a constant practice to maintain the nuisance with accumulated cuttings, debris and waste from its properties. Because appellant had knowledge of such practice he was not for that reason obliged either to remove it or to prevent defendants from burning it.

Moreover, a person does not waive his right of action against one who maintains a nuisance *per se* merely because he knows of its existence. Neither may he be authorized by him who maintains the nuisance to violate the ordinance forbidding the outlawed acts. (*Rauch* v. *Southern California Gas Co.,* 96 Cal.App. 250, 258 [273 P. 1111]; *Martello* v. *Beletich,* 59 Cal.App. 533 [211 P. 20].) In the Rauch case, although the defendant was obliged to file with the city clerk a map showing the location of the gas service pipes in the streets, the defendant did not escape its own liability for a gas explosion caused by gas from a broken main by its contention that the city had acquiesced in the nonfiling of the map. In the Martello case the landlord did not avoid liability to his roomer in a tenement on account of the burning of the house by pleading that plaintiff knew during his occupancy that defendant kept an automobile under the same roof which covered plaintiff, in defiance of a city ordinance. Public policy requires that duties imposed by statute be discharged and that those who are affected cannot suspend the operation of the law either by waiver or by express contract. (*Adams* v. *Cumberland Inn Co.,* 117 Tenn. 470 [101 S.W. 428]; *Martello* v. *Beletich, supra.*)

It follows that appellant cannot be denied recovery by reason of his two acts occurring some weeks prior to June 27 when he cast some wastage into defendants' fire. When he did so the fire was so guarded as to prevent its spread. Such acts did not modify the practice of defendants and therefore could not have proximately contributed to the destruction of appellant's property. They were too remote to be a proximately contributing cause. (*Elm* v. *Bennett,* 99 Cal.App. 573, 575 [278 P. 906].)

The judgment is reversed with instructions to enter judgment in favor of appellant against the defendants for the sum of $5,052.77.

McComb, J., and Wilson, J., concurred.

Respondents' petition for a hearing by the Supreme Court was denied August 15, 1946.