[Civ. No. 16384.   First Dist., Div. One.   Nov. 16, 1955.]

JOE A. GALLEGOS et al., Respondents, v. NASH, SAN FRANCISCO (a Corporation), Appellant.

Boyd & Taylor for Appellant.

MacInnis, Alaga & Glassman and Harry P. Glassman for Respondents.

BRAY, J.—Defendant Nash, San Francisco, a corporation,[1] appeals from an order granting a new trial after verdict in its favor.

## QUESTION PRESENTED

Was the new trial improperly granted, being based upon the trial court's assumption that it erred in giving an instruction on the doctrine of assumption of risk? The application of the doctrine depends upon whether there was evidence of one or more of the following matters: (a) violation of section 660, Vehicle Code; (b) knowledge by plaintiffs of the hazard; (c) assurance by defendant of condition of brakes.

## RECORD

The theory of the complaint was that the brakes were faulty, that defendant before sale of the car had failed to comply with section 660 and thereafter had failed, although requested, to adjust the faulty brakes, and that the faulty brakes were the proximate cause of the accident. The jury found in defendant's favor. The court granted plaintiffs' motion for a new trial "on the authority of *Finnegan* v. *Royal Realty Co.*, 38 Cal.2d 409 at page 430 [218 P.2d 17]."[2]

## EVIDENCE

At 5:30 p. m. December 27, 1951, on U. S. 40 near Truckee, the auto driven by plaintiff Joe and occupied by his wife and six children, collided with a truck, injuring all occupants. Plaintiff Joe testified that the accident was caused by failure of his brakes and the resultant skid on the ice and snow when the car was shifted quickly to a lower gear. The car was purchased from defendant. Although the car functioned perfectly at first, plaintiff Joe became dissatisfied with the brakes; they were "spongy," very sensitive, so about a week or so after purchase he had Paul take it to the defendant for checking, and for oil changing.[3] On taking it out the manager

---

[1]Defendant Nash-Kelvinator Sales Corp. was granted a nonsuit. No appeal was taken therefrom.

[2]Should be 35 Cal.2d 409, 430 [218 P.2d 17].

[3]Although purchased by plaintiff Joe's brother Paul, and title taken in his name, it was purchased for the exclusive use of plaintiff Joe.

told him he had checked the brakes and they were all right. Defendant's evidence showed that the car had only been in the shop once for servicing (December 24th) and there was no record of complaint concerning brakes. Plaintiff Joe testified he brought the car in the day of the accident, December 27th, for the 1,000 mile check and service and complained about the brakes. On being told that the shop would not be able to service the car until very late that day, he left and started on the fatal journey. After the accident the car was examined in a San Francisco garage and it was found that fluid was in the brake system and there was a spongy brake pedal. A mechanic testified that in his opinion there was a leak in the brake "junction block," which leak could cause the brakes to fail. An expert testified that "air in the lines" causes a spongy brake.

### Assumption of Risk

(a) *Violation of section 660.*

█ The granting of a new trial is a matter resting largely in the discretion of the trial court and will not be disturbed except upon a manifest abuse. (*Sloboden* v. *Time Oil Co.*, 131 Cal.App.2d 557 [281 P.2d 85].) Here the court granted the new trial on the basis of the decision in *Finnegan* v. *Royal Realty Co.*, 35 Cal.2d 409, 430 [218 P.2d 17], where the court held that where a defendant violates an ordinance which is a police regulation and which violation causes a plaintiff injury, the doctrine of assumption of risk may not be applied. (See also *Friedman* v. *Pacific Outdoor Adv. Co.*, 74 Cal.App.2d 946 [170 P.2d 67], and *Bickham* v. *Southern Calif. Edison Co.*, 120 Cal.App.2d 815 [263 P.2d 32].) Here the court instructed on assumption of risk, and granted the new trial on the ground that it erred in so doing because of the claimed violation of section 660. If there is evidence of such violation, then the assumption of risk instruction should not have been given and the new trial was properly granted. But if there is no evidence of such violation then the instruction was properly given. █ See *Conner* v. *Southern Pac. Co.*, 38 Cal.2d 633, 637 [241 P.2d 535], to the effect that where instructions are correct there is no basis on a motion for new trial for the exercise of the court's discretion, and no legal ground in that respect on which a new trial may be granted. "The inquiry as to whether instructions are erroneous presents purely a question of law [citation] and if it appears on appeal that a trial court in granting a new

trial based its order exclusively upon an erroneous concept of legal principles applicable to the cause, its order will be reversed [citation].'' There was no error of law, and as the new trial was granted solely on the assumed error, the new trial was improperly granted.[4]

What evidence is there that defendant did not make the tests required by section 660? ▮ That section provides: ''No dealer shall sell a new or used motor vehicle without first testing and if necessary adjusting the lights and brakes on such vehicle to conform with the provisions of this code and department regulations adopted pursuant to this code unless such vehicle is sold for the purpose of being wrecked or dismantled.'' It should be pointed out that there is nothing in the statute which requires the dealer, prior to sale and delivery of a car, to inspect the brake system for defects (other than as they might affect the stopping of the car), but merely to test and adjust the brakes to conform with the provisions of the Vehicle Code. The special provision on this subject was section 670, which prescribed the stopping distances under various conditions. Defendant's vice-president testified that it was customary and standard practice of his agency to inspect a car before delivery, checking against a factory form the matters which he detailed, which included inspection of certain details of the brake condition, and it was standard procedure to ''road check'' every car which included checking the brakes. While he did not know of his own knowledge that stopping distances were checked, he assumed they would be. ▮ The burden of showing that this test was not made was on plaintiffs. There was no direct evidence that the test was not made. Plaintiffs rely primarily on the fact that some 20 days after delivery and after the car had been driven approximately 1,200 miles, the brakes failed, and there was testimony based upon examination of the car after the accident from which the jury might have concluded that there had been some defect in the brake system. There was no testimony that the testing required by section 660 would have disclosed this defect. We are not considering whether defendant, in failing to make such an inspection, might not have been negligent. ▮ We are only concerned here with the question of whether defendant may have vio-

---

[4]We are not concerned here with the claimed failure of defendant to adjust the brakes after being requested to do so, if such request was made. As to that contention, the defense of assumption of risk would apply.

lated section 660, which violation would have denied it the defense of assumption of risk. According to plaintiff Joe's own testimony he "guessed" the car functioned perfectly when delivered to him, the sponginess developing subsequently. The car at all times prior to the moment of the accident would stop on the first application of the brakes without pumping; plaintiff Joe had no difficulty in stopping the car at any time; the day of the accident he had full brake. There is no evidence that at any time prior to the accident, the brakes would not stop the car within the distances prescribed by section 670. There was no evidence of the violation of section 660, and hence no reason based on that section why the assumption of risk instruction should not have been given.

(b) *Knowledge.*

▮ "The defense of assumption of risk rests upon the plaintiff's consent to relieve the defendant of an obligation of conduct toward him, and to take his chances of harm from a particular risk. Such consent may be found: . . .

"b. By implication from the conduct of the parties. When the plaintiff enters voluntarily into a relation or situation involving obvious danger, he may be taken to assume the risk, and to relieve the defendant of responsibility. Such implied assumption of risk requires knowledge and appreciation of the risk, and a voluntary choice to encounter it." (Prosser on Torts, 2d ed., p. 303.)

▮ The testimony of plaintiffs' witnesses as to the car's condition after the accident indicated that the leak in the brake junction block was caused by a metal particle and that such a leak, by letting air in the hydraulic system, could cause the brakes to fail. There was no testimony that such condition must have existed at the time of the purchase of the car or that it could have been discovered by making the stopping distance tests required by section 670. Although the car seemed to be in good condition at first, shortly after delivery of the car Joe discovered that the brake pedals were spongy and the brakes on application were sensitive, locking the wheels and causing the wheels to skid. He testified that he knew there was air in the brakes. While, of course, plaintiff Joe would not know what was causing this condition, he did know of the condition and he knew it on the very day that the accident happened. In spite of the knowledge that the brakes when applied on occasion caused

a locking of the wheels and a skidding of the car, he drove it on a mountain road upon which there was ice and snow.

In *Prescott* v. *Ralphs Grocery Co.*, 42 Cal.2d 158 [265 P.2d 904], the court said (p. 162): "Where the facts are such that the plaintiff must have had knowledge of the hazard, the situation is equivalent to actual knowledge, and there may be an assumption of the risk, but where it merely appears that he should or could have discovered the danger by the exercise of ordinary care, the defense is contributory negligence and not assumption of risk." Here plaintiff Joe knew that his brakes caused skidding. Thus it was for the jury to determine whether he assumed the hazard of that danger. As said in Prosser on Torts, second edition, page 310, concerning both assumption of risk and contributory negligence: "At the same time, it is evident that in all such cases an objective standard must be applied, and that the plaintiff cannot be heard to say that he did not comprehend a risk which must have been obvious to him. . . . In the usual case, his knowledge and appreciation of the danger will be a question for the jury. . . ."

There was, therefore, ample evidence from which the jury could (and probably did) conclude plaintiff Joe had knowledge of the hazard and assumed the risk.

(c) *Assurance.*

Plaintiff Joe testified that the morning of the accident he took the car in. He wanted the 1,000 mile checkup and the brakes examined and checked. Defendant's salesman told him that nothing could be done that day until very late, and that the brakes "had been inspected and had been checked, and were o.k. . . . the time they had been brought in before." Because of this statement, plaintiffs claim the assumption of risk doctrine could not apply, basing their contention on the following language from Prosser on Torts (Hornbook Series 1941) quoted but not commented on in *Fred Harvey Corp.* v. *Mateas* (1948), 170 F.2d 612, 616: " 'If, however, he [plaintiff] surrenders his better judgment upon an assurance of safety or a promise of protection, he does not assume the risk, unless the danger is so obvious and so extreme that there can be no reasonable reliance upon the assurance.' " It was a jury question whether the statement made by the salesman here was an "assurance of safety or a promise of protection." According to his own testimony, plaintiff knew that the brakes, in spite of the salesman's statement, were not

"o.k." They were "spongy" and on occasion would cause skidding.

The instruction on assumption of risk was properly given.[5] Therefore, the trial court erred in granting a new trial upon the sole ground that it should not have given that instruction.

The order is reversed.

Peters, P. J., and Wood (Fred B.), J., concurred.

[5]No contention is made that the form of the instruction was improper.