[Civ. No. 32857.   Second Dist., Div. Three.   Apr. 3, 1969.]

CHARLES EDWIN ROMIG et al., Plaintiffs and Appellants, v. GOODYEAR TIRE & RUBBER COMPANY et al., Defendants and Respondents.

Mietus & Kartzinel for Plaintiffs and Appellants.

Gibson, Dunn & Crutcher, John H. Sharer, Robert E. Cooper and Andrew E. Bogen for Defendants and Respondents.

MOSS, J.—This appeal is presented to us on a settled statement in lieu of both transcripts, pursuant to rule 7(b), California Rules of Court. The appeal is from a judgment entered upon a jury verdict in favor of defendants following trial on the issue of defendants' liability for injuries suffered by plaintiffs in a motor vehicle accident. Plaintiffs alleged that the accident was caused by a defect in one of the tires which had come as original equipment with the van owned and driven by them when the accident occurred. Defendants are the manufacturer of the tire (Goodyear), the manufacturer of the vehicle (Chrysler), and the retail seller of the vehicle (Earle Ike).

According to the settled statement the parties stipulated at trial that the issues in the case were strict liability and breach of express and implied warranty. At oral argument, counsel for plaintiffs and defendants stated to this court that the settled statement erroneously omitted the fact that this stipulation was later withdrawn and that the negligence of defendants was also an issue in the trial. We have caused the superior court file to be transmitted to this court pursuant to rule 12(a), California Rules of Court.

Plaintiffs' sole contention on appeal is that the trial court erred in refusing to submit to the jury certain instructions requested by plaintiffs on the doctrine of res ipsa loquitur. We deem it unnecessary to discuss the merits of that contention because in view of the verdict of the jury the failure to give the instructions could not have been prejudicial to plaintiffs.

On the theory of manufacturer's strict liability the jury was given the following instruction: ''The manufacturer of an article who places it on the market for use under circumstances where he knows that such article will be used without inspection for defects, is liable for injuries proximately caused by defects in the manufacture or design of the article of which the user was not aware, provided the article was being used for the purpose for which it was designed and intended to be used. . . . You are instructed that a requirement precedent to the application of the doctrine of strict liability in tort is that the article which is the asserted cause of the injury was defective when manufactured or sold. . . . The plaintiffs in this action had the burden of proving that, under the doctrine of strict liability in tort, the tire was defective when manufactured or sold and that the defect, if any, was the proximate cause of the accident.'' (See *Green-*

*man* v. *Yuba Power Products, Inc.,* 59 Cal.2d 57, 62 [27 Cal. Rptr. 697, 377 P.2d 897, 13 A.L.R.3d 1049]; see also *Vandermark* v. *Ford Motor Co.,* 61 Cal.2d 256, 260-261 [37 Cal.Rptr. 896, 391 P.2d 168]; *Preston* v. *Up-Right, Inc.,* 243 Cal.App.2d 636, 639 [52 Cal.Rptr. 679]; BAJI No. 218-A; Witkin, Summary of Cal. Law (1967 Supp.) §§ 388B-388D, pp. 609-612; 13 A.L.R.3d 1057.)

Under the evidence as it was presented to the jury, the verdict for defendants must have meant that the jury found either that there was no defect in the tires when sold, or that such a defect was not the cause of the accident, or that plaintiffs were aware of the defect and its attendant risks. (See Witkin (1967 Supp.) *supra,* §§ 388L-388N, pp. 615-616; Rest. 2d, Torts, § 402A.)

Any one of these findings, however, would have been equally as fatal to a claim based upon negligence as it was to the claim based upon strict liability because to establish defendants' liability on the theory of negligence plaintiffs were required to prove that there was a defect in the tire when the van was sold, that the defect was the proximate cause of the accident (2 Witkin, Summary of Cal. Law, Torts, § 212, p. 1401) and that plaintiffs were unaware of the defect (see *Erickson* v. *Sears, Roebuck & Co.,* 240 Cal.App.2d 793, 798 [50 Cal.Rptr. 143]; *Gallegos* v. *Nash, San Francisco,* 137 Cal.App.2d 14, 19-20 [289 P.2d 835]; 2 Witkin, Summary of Cal.Law, *supra,* Torts, § 329, pp. 1526-1528, §§ 349-352, pp. 1551-1555).

▮  The doctrine of res ipsa loquitur is applied to permit the jury to infer a defendant's negligence from the fact of a defect under appropriate circumstances. (See *Zentz* v. *Coca Cola Bottling Co.,* 39 Cal.2d 436, 440-447 [247 P.2d 344]; *Erickson* v. *Sears, Roebuck & Co., supra,* 240 Cal.App.2d 793, 797-798; Shain, Res Ipsa Loquitur: Presumptions and Burdens of Proof (1945) 432-433.) The doctrine has no relevance to proof of the other elements of a cause of action based upon negligence. Plaintiffs' inability to prove that defendants were negligent, with or without the aid of an instruction on res ipsa loquitur, could not have affected the ultimate verdict.

The judgment is affirmed.

Cobey, J., and Schweitzer, Acting P. J., concurred.