[Civ. No. 3061.  Second Appellate District, Division One.—February 16, 1921.]

## A. PRELUZSKY, Appellant, v. JOSEPH RITTIGSTEIN, Respondent.

[1] NEW TRIAL — JUDGMENT AGAINST TWO DEFENDANTS — RIGHT OF ONE DEFENDANT.—An order granting a separate new trial of an action as against one of two defendants is authorized, although the judgment was entered against both of them and it had become final as to the other defendant who did not move for a new trial.

[2] ID. — AFFIRMANCE OF ORDER GRANTING NEW TRIAL. — Where the court, in the exercise of its authority therein, has granted a new trial, and the case made shows a reasonable or even fairly debatable justification under the law for the action taken, such action will not be set aside.

APPEAL from an order of the Superior Court of Los Angeles County granting a new trial. Charles Monroe, Judge. Affirmed.

The facts are stated in the opinion of the court.

Isaac Pacht and John S. Cooper for Appellant.

Michael F. Shannon and Ernest L. Kolb for Respondent.

CONREY, P. J.—The plaintiff brought this action against Joseph Rittigstein and C. H. Phillips to recover damages for the malicious prosecution of a criminal action against this plaintiff. The action was tried before a jury, which rendered a verdict in favor of the plaintiff and against both defendants. Judgment was entered in accordance with the verdict. Thereafter defendant Rittigstein alone moved

for a new trial. An order having been entered granting that motion, plaintiff has appealed therefrom.

[1] Counsel for appellant first suggest that since the defendant Phillips did not move for a new trial, and the judgment against him had become final, there is no authority of law for an order granting a separate new trial of the action as against the other defendant. There is no merit in this contention. (*Fowden* v. *Pacific Coast Steamship Co.*, 149 Cal. 151, [86 Pac. 178].)

Next it is contended that the uncontradicted facts so completely established plaintiff's cause of action against Rittigstein that the court has abused its discretion in granting to him a new trial. But in fact the evidence is not thus clear and uncontradicted. There is in the record evidence tending to show that both Rittigstein and Phillips were instrumental in causing the criminal prosecution to be instituted, and likewise some evidence tending to prove that Rittigstein did not have probable cause to believe that Preluzsky was guilty as charged. On the other hand, it was Phillips alone who filed the criminal complaint. There is evidence which might well have warranted a jury in refusing to believe that Rittigstein caused that prosecution to be commenced, and likewise in not believing that the commencement of such prosecution was without probable cause. On that state of the record it was within the scope of the duties of the trial court to consider and determine whether the evidence was sufficient to justify the verdict. [2] Where the court, in the exercise of its authority therein, has granted a new trial, and the case made shows a reasonable or even fairly debatable justification under the law for the action taken, such action will not be set aside. (*Harrison* v. *Sutter Street Ry. Co.*, 116 Cal. 156, [47 Pac. 1019].) The rule just now stated is plainly applicable to the case at bar.

The order is affirmed.

Shaw, J., and James, J., concurred.