[Civ. No. 1179.   Fourth Appellate District.—June 8, 1935.]

ANNIE OLINGER et al., Appellants, v. PACIFIC GREYHOUND LINES (a Corporation), Respondent.

Clifford C. Pease and John B. Molenaar for Appellants.

Wright, Monroe, Thomas & Glenn for Respondent.

MARKS, J.—This is an appeal from an order granting a new trial in an action to recover damages for personal injuries suffered by Annie Olinger, wife of W. E. Olinger, while she was a passenger for hire on a bus operated by defendant, a common carrier. The jury returned a verdict in favor of plaintiffs in the sum of five thousand dollars. The motion for new trial was granted particularly because of two erroneous instructions given to the jury at the request of plaintiffs.

Counsel for plaintiffs tacitly admit error in these instructions but urge they were not prejudicial because the same subject-matter was correctly covered in other instructions so the jury could not have been misled by them. They also urge that assuming that the instructions were erroneous and misleading, the motion for new trial should not have been granted because of the provisions of section 4½ of article VI of the Constitution. They argue that under all the evidence in the record an honest jury could only return a verdict for plaintiffs. They urge that the evidence presents no conflicts and contains nothing that could support any defense.

The erroneous instructions given by the court are as follows: "The plaintiff makes out a *prima facie* case against the carrier when he shows that any injury was proximately caused by some accident, while being so transported by the defendant. Such proof raises a legal presumption of negligence on the part of the carrier as to the management and operation of its bus, and the burden is then thrown upon the defendant to show by a preponderance of the evidence that any injury sustained by plaintiff was without negligence on its part.

"If you find that the plaintiff was injured while a passenger on the bus of defendant, you are then further instructed that by such fact, it is the duty of the defendant bus company to prove by a preponderance of evidence that it was not negligent in the operation of said bus, either directly or through its agents, or through any appliance or equipment, or through any instrumentality under its control, and it must prove that it was not' negligent in using and exercising therein a care as is required by law and described to you in some other instructions."

In the case of *Valente* v. *Sierra Ry. Co.*, 151 Cal. 534 [91 Pac. 481], instructions very similar to the two which we have quoted were held prejudicially erroneous by the Supreme Court and a judgment in favor of plaintiffs was reversed because of them. It was there said: "In *Cody* v. *Market Street Ry. Co.*, 148 Cal. 90 [82 Pac. 666], a passenger-carrier case, it was held that an instruction to the effect that the presumption of negligence arising from proof of the accident and consequent injury threw upon the carrier the burden of showing want of negligence did not require the carrier to show want of negligence by a preponderance of the evidence, but only to make such showing 'as will leave the jury, with all the evidence before it, unsatisfied as to whether there was negligence on defendant's part'. It was also there declared that in such case it was necessary for the plaintiff to prove negligence by a preponderance of evidence. In *Patterson* v. *San Francisco etc. Co.*, 147 Cal. 178 [81 Pac. 531], also a passenger-carrier case, the questions here involved were exhaustively discussed. It was held that instructions to the effect that on the issue of negligence the plaintiff has the affirmative of the issue and must prove such negligence by a preponderance of evidence, and that any presumption arising from the accident need not be overcome by a preponderance of evidence, and that if the railroad company introduced 'sufficient evidence simply to balance such presumption without overcoming it by a preponderance of evidence, the presumption is overcome', were correct. (See, also, *Kay* v. *Metropolitan etc. Co.*, 163 N. Y. 447 [57 N. E. 751].)"

We should call attention to section 3 of rule VIII of Rules for the Supreme Court and District Courts of Appeal, which contains the following: "Where instructions given to a jury are attacked as erroneous, all other instructions given, bearing upon that subject, must be printed in full in the

appellant's brief.'' Section 4 of the same rule provides in part as follows: ''For any failure to observe this rule the court may, of its own motion . . . dismiss the appeal . . . '' Plaintiffs have printed the two questioned instructions in their briefs, but have failed to print in full any of the other instructions bearing upon the same subject which they maintain cure the error. We have examined all of the instructions given at the request of plaintiff, and find several we cannot commend besides the two we have quoted. The best that can be said of the instructions given is that they are conflicting and might tend to confuse the minds of the jurors. Several of the instructions, in addition to those quoted, should not be given in their present form upon another trial of the cause.

■ Plaintiffs contend that the trial court erred in granting the motion for new trial because the order violated those provisions of section 4½ of article VI of the Constitution, which provide as follows: ''No . . . new trial shall be granted in any case, on the ground of misdirection of the jury . . . unless, after an examination of the entire cause, including the evidence, the court shall be of the opinion that the error complained of has resulted in a miscarriage of justice.'' Of course, these provisions are as binding on the trial judge as on the members of an appellate court. This being so we must assume that the trial judge in granting the motion for new trial performed his duty, examined the entire cause including the evidence and concluded that the errors resulted in a miscarriage of justice. ■ In so doing he was required to consider the credibility of the witnesses, their manner of testifying on the stand, and the weight and sufficiency of the evidence. While the trial judge should not lightly set aside a judgment still it is his duty in passing on a motion for new trial to review the cause a second time as a trier of fact and after such review decide the motion. Trial judges are given a wide latitude in exercising a sound discretion in passing on motions for new trial and an order granting such a motion will not be disturbed on appeal unless there has been an abuse of such discretion. (*Preluzsky* v. *Rittigstein*, 51 Cal. App. 427 [196 Pac. 917].)

■ The trial judge did not specify the insufficiency of the evidence to support the verdict and judgment as one of the grounds for granting the motion. This eliminates this question from direct consideration on appeal. However, since the adoption of section 4½ of article VI of the Constitution

it cannot be entirely eliminated either by the trial judge in passing on the motion or by the appellate court on appeal from an order granting the motion for that section requires "an examination of the entire cause, including the evidence", by both courts in order to determine the prejudicial effect of any of the technical errors there specified. In the instant case the plaintiffs have placed the duty of considering the evidence squarely before us by contending that the technical errors could not have been prejudicial because under all of the evidence but one verdict could have been returned and that for the plaintiff. They maintain there is no evidence in the record which would support a judgment for defendant. Under these circumstances we are required to consider the evidence.

■ Defendant was a common carrier of passengers for hire. Plaintiffs were passengers for hire traveling from Washington, D. C., to California. Seats in the bus were arranged along both of its sides with a narrow aisle down the center. Two metal racks for the hand baggage of passengers were provided, one on each side of the bus over the seats. These racks had an outside vertical rail four and one-half inches high and an elastic rope about two or two and one-half inches above the upper edge of the railing.

The bus was halted at the eastern boundary of California and a rigid inspection of all baggage was had. After the inspection the hand baggage was returned to the racks. None of it protruded over or rested on the guard-rail of the racks. About twenty-five miles west of Yuma a Gladstone bag about nine inches thick, twelve inches high and between twenty-four and thirty inches long fell from one of the racks to the floor of the bus. Plaintiffs maintain that it struck Mrs. Olinger during this fall and injured her. Defendant maintains that it did not touch Mrs. Olinger during the fall but left the rack several feet back of Mrs. Olinger and descended directly to the floor of the bus, in its downward course brushing the arm of a Mrs. Adams who was sitting two seats back of Mrs. Olinger. There is evidence in the record supporting both of these theories. Mrs. Adams testified that a man occupying the seat behind her reached up to the rack and pulled out from it a knee-length army overcoat and that the Gladstone bag followed the overcoat from the rack. The bag came to rest on the floor about five feet back from where Mrs. Olinger was sitting. A physician examined Mrs. Olinger a short time

after the bag fell from the rack. He found no physical evidence of her having been struck by the bag nor did she then, according to his testimony, exhibit any symptoms of shock.

We are of the opinion that the evidence presented a sharp conflict that was directed to the trier of fact for determination,—first, to the jury at the termination of the trial, and, second, to the trial judge upon the motion for new trial. Under the circumstances he might well have found, as he impliedly did in granting the motion, that when he erroneously told the jury that defendant must prove *by a preponderance* of the evidence that neither it nor its agent, personally or through any appliance, equipment or instrumentality under their control, were negligent, he placed a burden on defendant not justified by law which resulted in a verdict for plaintiffs. Under these circumstances we cannot conclude that the trial judge abused his discretion in granting the motion for new trial.

The order granting a new trial is affirmed.

Barnard, P. J., and Jennings, J., concurred.

A petition by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on August 6, 1935.