[Civ. No. 1989. Fourth Appellate District.—November 20, 1936.]

## HARVEY J. CLIPPINGER, Appellant, v. ALTA M. REISS, Respondent.

Glen H. Munkelt for Appellant.

Stearns, Luce, Forward & Swing for Respondent.

JENNINGS, J.—Plaintiff brought this action to recover damages for personal injuries sustained by him as a result of

a collision between himself, a pedestrian, and an automobile which was being operated by defendant. Trial of the action before a jury resulted in the return of a verdict in plaintiff's favor in the amount of $7,500. Judgment was entered in conformity with the verdict. Defendant then moved for a new trial. The motion was granted on the sole ground that the evidence was insufficient to justify the verdict. Plaintiff appeals from the order granting a new trial.

Appellant contends that application of the doctrine of last clear chance to the facts developed by the evidence demonstrates that the evidence is ample to support the verdict in his favor and would not warrant a contrary verdict and that therefore the order from which the appeal is presented must be reversed.

In making this contention appellant properly concedes the existence of the well-settled rule which precludes a reviewing court from disturbing an order granting a new trial on the ground of insufficiency of the evidence to justify a verdict in the absence of a clear showing that the trial court abused the very wide discretion reposed in such a tribunal with respect to granting or refusing motions for new trial. It is, however, urged that the evidence taken as a whole would not support a verdict contrary to that which was returned and that therefore an abuse of discretion is presented which requires reversal of the order. Intelligent consideration of this contention renders necessary some reference to the evidence which was produced during the trial.

The accident in which appellant received the injuries for which he sought to be compensated occurred in an intersection of Fourth Avenue with Broadway in the city of San Diego. The former street extends north and south and the latter in an east-west direction. This particular intersection is equipped with electric traffic signals consisting of semaphores, electric lights, and electric bells. A change in the direction of traffic is indicated in the following manner: There is first the sound of a single-stroke bell. Within a fraction of a second there is a second sound of the bell and simultaneously the semaphore indicating change in direction of traffic comes up and a green light replaces the red light which had theretofore been displayed. The traffic ordinance of the city of San Diego prohibits vehicular traffic from entering the intersection until the green light

and the "Go" signal are displayed but permits the entrance of pedestrian traffic at the sound of the first bell "provided they do not interfere with the movement of vehicles already in the intersection".

At approximately 11:45 A. M. of September 4, 1935, respondent was driving a Buick automobile in a northerly direction on Fourth Avenue and had arrived in the above-mentioned intersection. One or more automobiles had preceded her into the intersection and had turned east into Broadway. As she came into the intersection her automobile was in second gear and was traveling at a speed of approximately 5 miles per hour. After the vehicles which were ahead of her had turned into Broadway she shifted to high gear and proceeded at a speed which she estimated was between 6 and 10 miles per hour. When she had arrived at a point which was approximately opposite the center of the intersection the first bell which indicated that the intersection was about to be closed to north and south bound traffic on Fourth Avenue was sounded. At this moment pedestrian traffic commenced to move in an east-west direction on Broadway. Appellant was on the northeast corner of the intersection awaiting the signal to proceed west across Fourth Avenue. At the sound of the first bell he stepped into Fourth Avenue, gave one glance to the south and walked rapidly west without again looking either to his right or left. When he had thus advanced several paces he came in contact with the right-hand running board of respondent's automobile, which by this time had arrived in the pedestrian cross-walk extending across Fourth Avenue, and as a result of the collision he was thrown to the pavement and received painful and serious injuries. Respondent testified that she first observed appellant when she had arrived at a point on the east side of Fourth Avenue which was about in line with the center of the intersection, that appellant was then proceeding west in the pedestrian cross-walk ahead of other pedestrians, that she continued to observe him as she proceeded north and noted that he did not look in the direction from which she was approaching him but held his head down, that she did not sound the horn of her automobile or apply the brakes or swerve the vehicle.

As above noted, it is appellant's contention that a verdict in respondent's favor could not be sustained on the

above stated facts for the reason that it must be declared that respondent had the last clear chance to avoid the accident. We think that it is at least doubtful whether or not the last clear chance rule is applicable to the facts. We are not here called upon to announce that it must or must not be applied, and we are therefore unwilling to declare that a verdict contrary to that returned by the jury could not be sustained. Examination of the record discloses that in some respects the evidence which presented the factual background of the accident was conflicting and that there was a failure of proof and uncertainty in the evidence with regard to certain matters which would have a bearing on the applicability of the last clear chance rule. It may not, for example, be declared with certainty at just what point in the intersection respondent had arrived when she first saw appellant. In one part of respondent's testimony as a witness called by appellant under section 2055 of the Code of Civil Procedure she designated a point on the map of the intersection which would lend support to appellant's contention that when she first saw appellant she was 60 feet distant from the point where the collision occurred. She however expressly stated that this was a mere approximation and in another part of her testimony she declared that she had passed the center line of Broadway. If the latter statement was correct she was not more than 44 feet from the point where the collision occurred. No evidence was produced which tended to show at what rate of speed appellant was walking as he proceeded across Fourth Avenue. The rate of speed at which respondent was driving her automobile at the moment of impact and immediately prior thereto is not established with certainty, since she testified that she was operating her car at a speed between 6 and 10 miles per hour and another witness testified that she was proceeding at a speed between 5 and 6 miles per hour. Not a scintilla of evidence was produced which tended to show in what distance respondent could have brought her car to a stop.

The rule is established that a trial court is not only authorized but is under a duty to grant a new trial whenever in its opinion the evidence upon which the former decision rests is insufficient to justify the decision and that its action in granting a new trial on this ground is dis-

cretionary to the extent that if any appreciable conflict exists in the evidence the court's action may not be disturbed on appeal (*Lewis* v. *Southern California Edison Co.*, 116 Cal. App. 44, 53 [2 Pac. (2d) 419]). As was said in *Green* v. *Soule,* 145 Cal. 96, 103 [78 Pac. 337, 340] : ''The parties are entitled to the judgment of the jury in rendering a verdict, in the first instance; but upon a motion for a new trial they are equally entitled to the independent judgment of the judge as to whether such verdict is supported by the evidence.''

Having in mind the various discrepancies and uncertainties which appear in the evidence we are not prepared to state that, on the present state of the record, a verdict in respondent's favor would have lacked evidentiary support. Arrival at this determination necessarily acquits the trial court of the charge that it acted capriciously in granting the motion and prohibits reversal of the order.

The order from which this appeal has been taken is therefore affirmed.

Barnard, P. J., and Marks, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on January 18, 1937.