[Civ. No. 2621. Fourth Dist.—May 16, 1941.]

EVA H. NANCE et al., Respondents, v. FRESNO CITY LINES, INC. (a Corporation), et al., Appellants.

W. M. Conley, Philip Conley, Matthew Conley, and Conley, Conley & Conley for Appellants.

Frank Curran and Matt Goldstein for Respondents.

MARKS, J.—This is an appeal from an order granting a new trial. The order did not specify that the motion was granted because of the insufficiency of the evidence to sustain the verdict of the jury in favor of the defendants. (Code Civ. Proc., sec. 657.)

Defendant Fresno City Lines, Inc., is a common carrier of passengers for hire, and Buck Storey was one of its drivers. Eva H. Nance, wife of Charles A. Nance, was a passenger in one of the buses on December 30, 1939, and had paid her fare. The bus was proceeding north on Fulton Street in the city of Fresno and while in the intersection of Fulton and Mono Streets, Storey, the driver, applied the hydraulic brakes with vacuum boosters, with which the bus was equipped, which caused it to stop suddenly. Mrs. Nance was thrown from her seat and injured.

The jury returned a verdict for defendants. The trial court granted plaintiffs' motion for a new trial and this appeal followed.

Counsel argue the effect of several instructions given to the jury at the request of defendants. The quotation of two of these instructions will serve to illustrate the errors involved. We quote as follows:

"If you find from the evidence that prior to, and at the time of the accident, Buck Storey, driver of the bus, acted as an ordinarily careful person would have acted under the same circumstances, then I charge that your verdict must be in favor of the defendants."

"You are instructed that when, through no negligence of his own, a person is suddenly placed in great peril, such person is not required to exercise all that presence of mind and carefulness which are justly required of a careful and prudent person under other circumstances. If you shall find

from the evidence that defendant, Buck Storey, driver of the bus, through no fault of his own, found himself suddenly in great peril, and immediate action was necessary, on his part, in order to avoid it, he was required to use only such care as an ordinarily prudent person would use under the same or similar circumstances, considering the danger, the proximity and the location of other automobiles, and all other circumstances which occurred just prior to, and at the time of, the accident.''

These instructions disregard the rule establishing the degree of care required of common carriers of persons for hire as stated in section 2100 of the Civil Code:

''A carrier of persons for reward must use the utmost care and diligence for their safe carriage, must provide everything necessary for that purpose, and must exercise to that end a reasonable degree of skill.''

An instruction quite similar to the first one we have quoted was given to the jury in the case of *Frost* v. *Los Angeles Ry. Co.*, 165 Cal. 365 [132 Pac. 442]. There, as here, the jury returned a verdict for defendant and the trial court granted a motion for new trial. The order was affirmed on appeal. In speaking of the instruction, the Supreme Court said:

''There were also errors of law of sufficient importance to justify the order. Instruction No. 12, given at the request of the defendant, after stating that the complaint did not aver that the conductor or motorman was incompetent or inexperienced, and that there was no proof to that effect, proceeded as follows: 'The only question for you to consider with reference to them is whether on the occasion of this accident they acted with the care and prudence which a reasonably prudent man, under the circumstances, would have exercised.' The defendant was a carrier of passengers and the plaintiff, when injured, was a passenger for hire, on its car. The care due to him from the conductor and motorman, for his safe carriage, was 'the utmost care and diligence' (Civ. Code, sec. 2100), not merely that of a reasonably prudent man, under the particular circumstances shown. The instruction was, to that extent, erroneous.'' (See, also, *Moeller* v. *Market Street Ry. Co.*, 27 Cal. App. (2d) 562 [81 Pac. (2d) 475].)

In the case of *Bosqui* v. *Sutro Street R. R. Co.*, 131 Cal. 390 [63 Pac. 682], the defendant, a common carrier, requested the trial court to instruct the jury in much the same language as

that used in the second quoted instruction. The trial court modified the instruction by stating that it was the duty of a common carrier of passengers to use the utmost care or the care which an extremely cautious man would have used under like circumstances. The Supreme Court held that the modified instruction correctly stated the law in California.

Instructions on contributory negligence required Mrs. Nance ''to keep such a lookout and to make such observations as an ordinarily careful and prudent person would have done'' under the circumstances and that if she failed in that duty, and such failure on her part contributed proximately to her injury, then the verdict must be for defendants.

This instruction placed a higher duty of care on Mrs. Nance than the law requires of a passenger riding in a common carrier of persons for hire, by failing to take into consideration the high degree of care a common carrier owes to its passengers. (*Dowd* v. *Atlas T. & A. Service,* 187 Cal. 523 [202 Pac. 870].)

Defendants argue that in other instructions, particularly those proposed by plaintiff, the jury was correctly instructed on the questions we have been considering; that the instructions must be considered in their entirety; that the ''minor errors'' in the instructions proposed by defendants could not have misled the jury.

While there are many cases supporting the rule contended for by defendants, especially in cases where a defendant's motion for new trial had been denied, we are also confronted by another rule equally well established which is applicable here. It is thus stated in *Ferguson* v. *Nakahara,* 43 Cal. App. (2d) 435 [110 Pac. (2d) 1091]:

''All instructions of the court are to be considered and construed as a whole to determine whether they contain reversible error. 'If a single instruction omits an essential element of the cause, but is a correct declaration of the law so far as it goes, and the omitted element is correctly given in another instruction, the omission will ordinarily be cured thereby. If, however, an essential principle of law is stated to the jury materially incorrect, this prejudicial error will not ordinarily be cured by a correct declaration of the same principle in another instruction. The giving of instructions which are contradictory in essential elements may warrant a reversal of a judgment for the reason that it is impossible

to determine what charge controlled the determination of the jury.' (*Soda* v. *Marriott,* 118 Cal. App. 635 [5 Pac. (2d) 675]. See, also, *Akers* v. *Cowan,* 26 Cal. App. (2d) 694 [80 Pac. (2d) 143].)''

 Defendants also urge that as the great preponderance of the evidence showed that Storey was not negligent, the trial court committed prejudicial error in granting the motion for a new trial because a reading of the record demonstrates that no miscarriage of justice resulted from the judgment in their favor. (Sec. 4½, art. VI, Const.)

Witnesses for defendants testified that the bus was traveling north on Fulton Street at between fifteen and eighteen miles an hour; that an automobile was traveling south in the west traffic lane; that after the bus entered the intersection, and without giving any signal, the automobile driver suddenly turned to his left, cut the corner in front of the bus and proceeded easterly down Mono Street; that to avoid running down the automobile Storey had to apply his brakes and stop the bus suddenly. From this it is argued that the proximate cause of the accident was the negligence of the driver of the automobile and that no negligence on the part of Storey was proved. It must be admitted that a majority of the witnesses testified to these facts.

On the other hand, there is the evidence produced by the plaintiffs that the intersection was obstructed (Veh. Code, sec. 511); that the bus was traversing the intersection at a speed of between thirty and thirty-five miles an hour; that no automobile passed in front of the bus in the intersection.

 It is well established that, in passing on a motion for a new trial, a trial judge is as firmly bound by this constitutional provision as is an appellate court when the cause is on appeal. It is his duty to sit as a thirteenth juror and weigh the evidence, pass upon its sufficiency and consider the credibility of witnesses. This is true even though he does not specify the insufficiency of the evidence as one of the grounds for granting a new trial because the Constitution contains the direction that he shall not grant a new trial because of errors in instructions to the jury until he has reexamined the entire cause and shall have formed the opinion that the errors complained of have resulted in a miscarriage of justice. (Sec. 4½, art. VI, Const.; *Olinger* v. *Pacific Greyhound Lines,* 7 Cal. App. (2d) 484 [46 Pac. (2d) 774];

*Clippinger* v. *Reiss,* 17 Cal. App. (2d) 604 [62 Pac. (2d) 418] ; *Sassano* v. *Roullard,* 27 Cal. App. (2d) 372 [81 Pac. (2d) 213].)

In considering a similar question in *Beiser* v. *Davies,* 119 Cal. App. 659 [7 Pac. (2d) 388], this court said:

''On this appeal we think we must indulge in the presumption that the trial court obeyed this mandate of the Constitution and considered the whole record in the case and decided that the giving of the instruction was prejudicial and did result in a miscarriage of justice.''

In view of these well recognized principles of law we cannot say that the evident conclusion of the trial judge that the erroneous instructions resulted in a miscarriage of justice finds no support in the record even though a study of the record here leaves the conclusion that the evidence preponderates in favor of the defendants. Under these circumstances we do not feel disposed to reverse the order granting the new trial.

The order is affirmed.

Barnard, P. J., and Griffin, J., concurred.

A petition for a rehearing was denied June 9, 1941, and appellants' petition for a hearing by the Supreme Court was denied July 14, 1941.