[Civ. No. 2913.   Fourth Dist.   Sept. 13, 1941.]

BRUNO LASCH, Appellant, v. CARL EDGAR et al., Respondents.

Sam L. Collins and Harold A. McCabe for Appellant.

Forgy, Reinhaus & Forgy and A. M. Bradley for Respondents.

MARKS, Acting P. J.—This is an appeal from an order granting a motion for a new trial in a motor vehicle collision case after the jury had returned a verdict in favor of plaintiff in the sum of $3300. The order did not specify the insufficiency of the evidence as a ground for granting the new trial.

Plaintiff presents but one ground for reversal of the order. He states the giving of an instruction proposed by him on the doctrine of the last clear chance furnished the sole reason for granting the motion in the trial court. He argues that there was no prejudicial error growing out of the giving of this instruction.

The challenged instruction reads as follows: "You are instructed that if you find from the evidence that the plaintiff has been negligent, and, as a result thereof, is in a position of danger which he cannot by the exercise of ordinary care escape, including instances where it is physically

impossible for him to escape as well as instances where he is totally *aware* of his danger and for that reason unable to escape, *and the defendant either has knowledge of said situation, or in the exercise of ordinary care should have knowledge that the plaintiff cannot escape from said situation,* and the defendant has the last clear chance to avoid the accident by exercising ordinary care and fails to do so, and the accident results and the plaintiff is injured as the proximate result of such failure to use ordinary care, contributory negligence on the part of the plaintiff or person injured will not defeat his recovery.'' (Emphasis ours.)

The use of the word ''aware'' in the instruction may have been the result of a typographical error as there seems to have been an attempt to state the oblivious from danger rule which was rejected in *Rasmussen* v. *Fresno Traction Co.*, 15 Cal. App. (2d) 356 [59 Pac. (2d) 617], as inapplicable to the facts of that case.

There has been some seeming confusion in the decisions on the precise definition of the last clear chance doctrine. This confusion was partially removed by the majority opinion in the case of *Rasmussen* v. *Fresno Traction Co., supra,* in which a hearing was denied by the Supreme Court. ▇ One necessary element of the doctrine of the last clear chance, supported by a majority of the California cases in which this element has been directly involved, is this: The defendant must know of the predicament of the plaintiff and his inability to extricate himself from it by the use of ordinary care, and must have had the last clear chance to have avoided the accident by the use of ordinary care before the doctrine can be applied. There must have been presented to him not only the *last* chance but a *clear* chance of avoiding the accident. If the plaintiff had an equal chance of avoiding the accident by the use of ordinary care and did not avail himself of it he cannot recover.

This important element of the doctrine was set forth in *New York Lubricating Oil Co.* v. *United Railroads,* 191 Cal. 96 [215 Pac. 72], as follows:

''It is a well-settled rule in this state that this doctrine is only applicable to a defendant who actually perceived the predicament and danger of a plaintiff in time to have avoided the accident by the exercise of due diligence. A defendant cannot be held liable upon the theory that he would have discovered the peril of the other but for remissness on his

part. (*Herbert* v. *Southern Pacific Co.*, 121 Cal. 227 [53 Pac. 651]; *Harrington* v. *Los Angeles Ry. Co.*, 140 Cal. 514 [98 Am. St. Rep. 85, 63 L. R. A. 238, 74 Pac. 15]; *Thompson* v. *Los Angeles etc. Ry. Co.*, 165 Cal. 748 [134 Pac. 709]; *Tucker* v. *United Railroads*, 171 Cal. 702 [154 Pac. 835].)''

This rule was further explained in *Rasmussen* v. *Fresno Traction Co., supra,* as follows:

''As has been frequently said, the doctrine of the last clear chance means exactly what the words imply and the essence of the rule is that it is applicable only where the defendant, notwithstanding the plaintiff's negligence, has a clear chance, after realizing that the plaintiff cannot escape, to avoid the accident by the exercise of ordinary care, and where the plaintiff cannot avoid it by the use of such care.

''In applying the rule in certain cases the courts have used language which has led to some confusion and perhaps to some modification. While it has always been held that the rule did not apply unless the defendant actually knew that the plaintiff was in a position of danger it has more recently been held that the jury is not required to take the defendant's word that he did not see but that, under proper circumstances, the jury may find that he did see, and that the jury, having found on proper evidence that he actually saw, may infer that he should then have known that the plaintiff could not escape.''

The quoted instruction given by the trial judge, fails to set forth some of the necessary elements of the doctrine of the last clear chance. Its most apparent defect is its failure to require proof of facts from which the reasonable inference might have been drawn that the driver of defendant's car had knowledge of the predicament of plaintiff before the doctrine could come into effect. This serious defect rendered the instruction erroneous.

It has been held that the trial judge is in a much better position than is an appellate court to judge of the effect which an erroneous instruction had on the verdict of the jury and that his conclusion on that question, as evidenced by his ruling on a motion for new trial, should not be disturbed on appeal except in a case showing clearly that his ruling was wrong.

In *Nance* v. *Fresno City Lines, Inc.*, 44 Cal. App. (2d) 868 [113 Pac. (2d) 244], it was said: ''It is well established that, in

passing on a motion for a new trial, a trial judge is as firmly bound by this constitutional provision (Sec. 4½, art. VI, Const.) as is an appellate court when the cause is on appeal. It is his duty to sit as a thirteenth juror and weigh the evidence, pass upon its sufficiency and consider the credibility of witnesses. This is true even though he does not specify the insufficiency of the evidence as one of the grounds for granting a new trial because the Constitution contains the direction that he shall not grant a new trial because of errors in instructions to the jury until he has re-examined the entire cause and shall have formed the opinion that the errors complained of have resulted in a miscarriage of justice. (Sec. 4½, art. VI, Const.; *Olinger* v. *Pacific Greyhound Lines,* 7 Cal. App. (2d) 484 [46 Pac. (2d) 774]; *Clippinger* v. *Reiss,* 17 Cal. App. (2d) 604 [62 Pac. (2d) 418]; *Sassano* v. *Roullard,* 27 Cal. App. (2d) 372 [81 Pac. (2d) 213].)

"In considering a similar question in *Beiser* v. *Davies,* 119 Cal. App. 659 [7 Pac. (2d) 388], this court said: 'On this appeal we think we must indulge in the presumption that the trial court obeyed this mandate of the Constitution and considered the whole record in the case and decided that the giving of the instruction was prejudicial and did result in a miscarriage of justice.'

"In view of these well recognized principles of law we cannot say that the evident conclusion of the trial judge that the erroneous instructions resulted in a miscarriage of justice finds no support in the record even though a study of the record here leaves the conclusion that the evidence preponderates in favor of the defendants."

With the foregoing authorities before us we must conclude that the order granting the motion for new trial must be affirmed. This makes it unnecessary for us to consider the other purported errors argued by defendants.

The order is affirmed.

Griffin, J., and Morton, J., *pro tem.,* concurred.