[Civ. No. 2959. Fourth Dist. Dec. 17, 1942.]

MABEL C. PRESCOTT, Respondent, v. CITY OF ORANGE (a Municipal Corporation), Appellant.

Forgy, Reinhaus & Forgy for Appellant.

Chas. D. Swanner and R. M. Crookshank for Respondent.

MARKS, J.—This is an appeal from an order granting a new trial in an action in which plaintiff sought to recover damages for injuries received on October 7, 1940, when a wheel of the truck she was driving dropped into a catch

basin maintained by defendant near the intersection of La Veta Avenue and Shaffer Street, public streets of the city of Orange. Orange is a municipal corporation of the sixth class.

La Veta Avenue extends from east to west and Shaffer Street from north to south. La Veta Avenue is 60 feet wide between curbs, which portion is improved with oil macadam. One block north of La Veta Avenue, Shaffer Street is 60 feet wide. In the block north of La Veta Avenue the dedicated portion of the street is 30 feet wide, that portion being an extension of the west half of the 60-foot street. The 30-foot portion has sidewalks and curbs on the west side leaving an 18-foot dedicated roadway which is covered with oil macadam. The two streets dead end in each other. There is a private driveway leading slightly east of south from the southeasterly part of the intersection to a lumber yard.

There is a strip east of the oil macadam on Shaffer Street that, at least one witness testified, had been graded by defendant. A photograph in evidence indicates that this strip had been used to some extent for vehicular travel. Its boundaries are irregular and it is between one and two feet wide. There is a growth of Bermuda grass several feet wide east of this strip.

The catch basin in question is located on private property. It had been in place for more than 20 years and had been maintained by defendant to feed water into a drain pipe under La Veta Avenue. The catch basin opened to the northeast. Its inside dimensions were 17 by 23 inches. Its concrete walls were six inches thick. The opening into the drain was protected by an iron grill which was 10 inches below the top of the walls of the catch basin. Bermuda grass grew around the catch basin which, according to photographs, effectively concealed it from one approaching from the north.

There was a walnut tree growing in the parkway on the west side of Shaffer Street, a short distance north of the north sidewalk on La Veta Avenue.

On the day of the accident plaintiff was driving a three-quarter-ton truck at about 15 miles per hour south on Shaffer Street, intending to go over the private road into the lumber yard. An automobile was parked on the west side of Shaffer Street a short distance north of La Veta Avenue. Plaintiff passed this car on its east side and looked west on La Veta Avenue around the walnut tree for approaching traffic. She testified that during this maneuver her truck

bore about one foot to her left and that its left wheel or wheels dropped into the catch basin so that she was thrown from the seat and seriously injured. She suffered a compression fracture of the third lumbar vertebra. Plaintiff testified that prior to looking down La Veta Avenue she had been looking at the road over which she was going to travel and had failed to see the catch basin.

The jury returned a verdict for defendant. The trial court granted plaintiff's motion for a new trial because of the following instruction given at the request of defendant:

"I instruct you, ladies and gentlemen of the jury, that it is not negligence for the City to fail to remove grass or weeds in order to see the end of a culvert which lay off of the customarily traveled roadway; and if the plaintiff herein was injured when she left the customarily traveled roadway, I instruct you that she was not acting with due care, and if you find that such conduct upon her part constituted negligence and contributed directly or proximately, in any degree, no matter how slight, to the accident in question, your verdict shall be against the plaintiff and in favor of the defendant, City of Orange."

We fully agree with the trial judge that the instruction was erroneous and should not have been given. It assumed that the culvert (catch basin) lay off the "customarily traveled roadway," and instructed the jury that it was not negligence for defendant to fail to remove the grass which rather effectively concealed it from a traveler approaching from the north.

There is some evidence in the record from which the jury might have concluded that at least part of the catch basin lay in the traveled portion of the roadway. A map introduced in evidence shows the east edge of the traveled roadway passing over the west point of the catch basin. The results of travel at the culvert is best illustrated in a photograph (plaintiff's exhibit 2). It shows the ground bare of Bermuda grass on both sides of the west point of the catch basin and north from its northwest side. The concrete in the end of the northwest wall is chipped and worn away. This picture would support the conclusion, if drawn by the jury, that vehicles had passed over this portion of the catch basin and that it was not entirely outside of the traveled portion of the roadway.

If this catch basin, or any part of it, was in the traveled portion of the roadway, the jury might have concluded, under

proper instructions, that the Bermuda grass which was permitted to grow around it rendered it a trap which was a dangerous condition in a portion of a roadway which defendant had permitted the traveling public to use for many years.

These questions were of fact that should have been left to the jury and which the trial court should not have taken away from that body. (*Clarke* v. *Volpa Bros.*, 51 Cal.App.2d 173 [124 P.2d 377].)

We find nothing in *Rodkey* v. *City of Escondido*, 8 Cal. 2d 685 [67 P.2d 1053]; *Beeson* v. *City of Los Angeles*, 115 Cal.App. 122 [300 P. 993], and *Williams* v. *San Francisco etc. Ry. Co.*, 6 Cal.App. 715 [93 P. 122], which conflicts with these conclusions.

Defendant argues that even though the instruction be held erroneous the trial court should not have granted a new trial because the evidence shows plaintiff guilty of contributory negligence as a matter of law and defendant free from any negligence. The conclusion is drawn that the instruction, if erroneous, was not prejudicial because a verdict for plaintiff would find no evidentiary support.

Defendant argues that plaintiff was guilty of contributory negligence as a matter of law because she violated the provisions of section 530 of the Vehicle Code in driving on her left half of Shaffer Street when she was within 100 feet of the intersection and when she was crossing it.

As a general rule the violation of a statute has been held to be negligence *per se*. However, there are circumstances under which the rule may not be strictly enforced and the violation of law may be excused. This was pointed out in *Cragg* v. *Los Angeles Trust Co.*, 154 Cal. 663 [98 P. 1063, 16 Ann.Cas. 1061], where the Supreme Court said:

"The general rule, which is the one adopted in California, is thus stated in 1 Shearman & Redfield on Negligence, sec. 13: 'The violation of any statutory or valid municipal regulation, established for the benefit of private persons, is of itself sufficient to prove such a breach of duty as will sustain a private action for negligence brought by a person belonging to the protected class if the other elements of actionable negligence concur.' It is further said in the same section that it is the opinion of the writers that the true rule is that the violation of such a statute or ordinance is presumptive evidence of negligence, which, if not excused by other evi-

dence, including all the surrounding circumstances, should be deemed conclusive, and as an example of what is meant by the expression as to excusing evidence it is said that, under special circumstances, a jury might excuse an omission to give signals required by a statute, as prudent under those circumstances. . . . As said above, the quotation from Shearman & Redfield states the rule adopted in this State. [Citing cases.]''

The same rule was recognized in *Parker* v. *Auschwitz*, 7 Cal.App.2d 693 [47 P.2d 341], where the court said:

''It was also testified by plaintiff that when she saw the car at the crest of the grade it was approximately in the center of the road, and when it finally came into full view it was then on the left or wrong side of the road. This was of itself a violation of section 122 of the California Vehicle Act, which provides that the driver of a vehicle upon a highway of sufficient width shall drive upon the right half of the highway. The burden therefore rested upon appellant to excuse or justify his position upon the highway.''

In *Henslee* v. *Fox*, 25 Cal.App.2d 286 [77 P.2d 307], the plaintiff was accused of contributory negligence in driving on his left side of the street. After considering all of the circumstances it was held that this violation of the statute would not bar his recovery. A similar conclusion was reached in the case of *Jolley* v. *Clemens*, 28 Cal.App.2d 55 [82 P.2d 51].

In the instant case we have circumstances that should be considered in determining whether or not plaintiff's right of action should be barred by her violation of the provisions of the Vehicle Code. The traveled portion of Shaffer Street had a width of not more than 20 feet. There was a car parked along the west side of the street a short distance north of the intersection. To pass it plaintiff had to drive to her left of the center line. Of course, she possibly could have returned to her own side of the road immediately after passing this car, but whether that maneuver could have been completed before she entered the intersection cannot be determined from the evidence. There was no other vehicle traveling on either street. We believe that the question of whether or not these circumstances were sufficient to excuse her violation of the statute is one of fact for the jury and not one of law for this court so we cannot hold her guilty of contributory negligence as a matter of law that will prevent her recovery.

Defendant urges that it was only required to maintain

its streets and property in a reasonably safe condition for use in a proper manner (*Rodkey* v. *City of Escondido, supra*); that the catch basin was off from the dedicated portion of the traveled street; that the space it occupied was never intended to be used as a part of the street. From these facts it urges the conclusion that it was not required to maintain the catch basin in such condition that motor vehicles could pass over it safely and that consequently there was no negligence on its part.

We have already reviewed the evidence bearing on this question. There is some evidence indicating that the ground adjoining, and each side of the westerly portion of the catch basin, had been used for vehicular travel. Under these circumstances the question of the liability of the city was one of fact for the jury.

The trial court is vested with a discretion in passing on a motion for new trial which should be soundly exercised. (*Hicks* v. *Ocean Shore Railroad,* 18 Cal.2d 773 [117 P.2d 850].) An order granting or denying a motion for new trial will not be disturbed on appeal without a showing of manifest and unmistakable abuse of discretion. (*Fennessey* v. *Pacific Gas & Elec. Co.,* 10 Cal.2d 538 [76 P.2d 104].) Ordinarily a strong showing of abuse of discretion is required before the order will be reversed on appeal where the motion for new trial had been granted. (*Gray* v. *Robinson,* 33 Cal. App.2d 177 [91 P.2d 194]; *Collins* v. *Hodgson,* 5 Cal.App.2d 366 [42 P.2d 700].)

The following quotation from *Nance* v. *Fresno City Lines, Inc.,* 44 Cal.App.2d 868 [113 P.2d 244], is applicable here:

"It is well established that, in passing on a motion for new trial, a trial judge is as firmly bound by this constitutional provision as is an appellate court when the cause is on appeal. It is his duty to sit as a thirteenth juror and weigh the evidence, pass upon its sufficiency and consider the credibility of the witnesses. This is true even though he does not specify the insufficiency of the evidence as one of the grounds for granting a new trial because the Constitution contains the direction that he shall not grant a new trial because of errors in instructions to the jury until he has reexamined the entire cause and shall have formed the opinion that the errors complained of have resulted in a miscarriage of justice. (§ 4½, art. VI, Const.; *Olinger* v. *Pacific Greyhound Lines,* 7 Cal.App.2d 484 [46 P.2d 774];

*Clippinger* v. *Reiss*, 17 Cal.App.2d 604 [62 P.2d 418]; *Sassano* v. *Roullard*, 27 Cal.App.2d 372 [81 P.2d 213].) . . . In view of these well recognized principles of law we cannot say that the evident conclusion of the trial judge that the erroneous instructions resulted in a miscarriage of justice finds no support in the record even though a study of the record here leaves the conclusion that the evidence preponderates in favor of the defendants. Under these circumstances we do not feel disposed to reverse the order granting the new trial."

The order is affirmed.

Barnard, P. J., and Griffin, J., concurred.