[Civ. No. 14959. Second Dist., Div. One. Nov. 29, 1945.]

FRANK K. MANGLER, Appellant, v. PACIFIC ELECTRIC RAILWAY COMPANY (a Corporation) et al., Respondents.

[Civ. No. 14937. Second Dist., Div. One. Nov. 29, 1945.]

JOSEPH M. DEVERE, Appellant, v. PACIFIC ELECTRIC RAILWAY COMPANY (a Corporation) et al., Respondents.

Le Roy Anderson, D. R. Gustaveson and Samuel A. Rosenthal for Appellants.

Frank Karr, O. O. Collins and C. W. Cornell for Respondents.

DORAN, J.—The actions herein were consolidated for trial, having arisen out of the same event, to wit, a collision between a truck and trailer driven by the plaintiff Mangler and owned by the plaintiff Devere, and a train owned and operated by the defendant, Pacific Electric Railway Company. Verdicts were returned in favor of the plaintiffs, and upon motions for new trial, the trial court set aside the verdicts and granted new trials.

In the language of appellants' brief, ''The issue on these appeals is limited to one question, namely, was the trial court justified in granting a new trial upon the sole ground that it gave an alleged erroneous instruction upon the application of the 'Last Clear Chance' doctrine?'' The order granting the motion for new trial recites: ''In this action the jury was given two instructions relating to the doctrine of last clear chance. The first one was the general instruction on the subject taken from 'BAJI' and being No. 205 in that volume. It is not questioned that this correctly states the law. The second instruction was requested by defendants but was modified by the court. The part to which objection is made is as follows (the italicized portion being that added by the court): 'If the motorman did not have a clear opportunity to avoid the accident, after he actually saw *or by the use of ordinary care should have seen* the truck in a position of danger, then you must find that the motorman did not have a last clear chance to avoid the accident.' . . . The effect of the instruction in our case is that the jury may decide that

the defendant did not see plaintiff, and yet if they find from the evidence that by the use of ordinary care he should have seen, they may hold defendant liable. Clearly this is not the law in view of the decisions above quoted."

The evidence in support of appellants' theory upon which the last clear chance doctrine was predicated, showed that the plaintiff Mangler, operating a truck and trailer 60 feet in length, attempted to cross defendant's railroad tracks; that the turn was too sharp to be made by the truck; that due to the traffic it was impossible to back up; that when Mangler stopped the truck on the track, the train was 700 to 750 feet away; that the truck was thereafter struck by the train at the front of the cab, resulting in personal injuries to the plaintiff Mangler and property damage to the plaintiff Devere.

It is the appellants' contention that the instruction hereinbefore quoted, "constituted a correct statement of the law and was not prejudicial," that therefore the granting of a new trial after judgments in favor of the plaintiffs, was improper and unwarranted. The basis for this contention, as expressed in appellants' brief, is that "The doctrine of 'Last Clear Chance' has been modified by leaving to the jury the question of defendant's actual knowledge of plaintiff's peril, his testimony to the contrary notwithstanding"; and that "the instruction properly contains the modification, to wit: 'Or by the use of ordinary care *should have seen* the truck (or plaintiff) *in a position of danger.'* "

The above contention cannot be sustained under the California authorities dealing with the last clear chance doctrine. As pointed out in respondent's brief, apparently "Counsel for appellants confuses the well settled rule in this state as to when and under what circumstances the doctrine applies, with the conclusion which the jury, as triers of the fact, may draw from the evidence under proper instructions by the Court." It is true, that in *Rasmussen* v. *Fresno Traction Co.*, 15 Cal.App.2d 356, 362 [59 P.2d 617], and in other cases, the courts have held that "the jury is not required to take the defendant's word that he did not see but that, under proper circumstances, the jury may find that he (the defendant) did see" the plaintiff. These same cases however, invariably predicate the last chance doctrine upon the proposition that the defendant actually knew that the plaintiff was in a position of danger.

■ The necessary elements of the doctrine of last clear chance are thus set forth in *Girdner* v. *Union Oil Co.*, 216 Cal. 197, 202 [13 P.2d 915], and quoted with approval in *Argo* v. *Southern Pacific Co.*, 39 Cal.App.2d 706, 709 [104 P.2d 77] : "That plaintiff has been negligent and as a result thereof is in a position of danger from which he cannot escape by the exercise of ordinary care ; . . . *that defendant has knowledge that the plaintiff is in such a situation,* and knows, or in the exercise of ordinary care should know, that plaintiff cannot escape from such situation, and has the last clear chance to avoid the accident by exercising ordinary care, and fails to exercise the same, and the accident results thereby, . . . ." (Italics added.)

In the case of *Lasch* v. *Edgar*, 46 Cal.App.2d 726 [116 P.2d 949], the trial court granted a new trial because of an instruction which contained the following language : " . . . and the defendant either had knowledge of said situation, or in the exercise of ordinary care should have knowledge that the plaintiff cannot escape from said situation." On appeal the order granting a new trial was affirmed. As stated in respondent's brief, "The foregoing language is similar, but does not go as far as that used by the trial court in this case in his modification . . . wherein he instructed the jury that the doctrine applies if the motorman by the use of ordinary care should have seen the truck in a position of danger." The Lasch opinion quoted from the case of *New York Lubricating Oil Co.* v. *United Railroads*, 191 Cal. 96 [215 P. 72], as follows: "It is a well settled rule in this state that this doctrine is only applicable to a defendant who actually perceived the predicament and danger of a plaintiff in time to have avoided the accident by the exercise of due diligence. A defendant cannot be held liable upon the theory that he would have discovered the peril but for remissness on his part."

■ It is apparent from the cases that no modification of the last clear chance doctrine has taken place which would justify the trial court's qualification of that doctrine by the language used in the instruction; "or by the use of ordinary care should have seen the truck in a position of danger." As hereinbefore indicated, the fact that the jury may find that the defendant did see the plaintiff notwithstanding defendant's statements to the contrary, has not changed the basic rule that the defendant must have had actual knowledge

of the plaintiff's dangerous situation. Moreover, the relaxation of the rule proposed by appellants is fraught with obvious dangers. The language used in *Rasmussen* v. *Fresno Traction Co.*, 15 Cal.App.2d 356, 362 [59 P.2d 617] is not inapplicable to the present situation: "we cannot agree that this humanitarian doctrine has been, or should be, so modified as to permit it to be used to reward a plaintiff for disregarding what he did see, where he had a better chance to avoid the accident than had the defendant, and under circumstances where . . . any finding that the defendant had a clear chance to avoid the injury, and the plaintiff had none, must rest more upon the whim or prejudice of a jury than upon the actual facts shown by the evidence."

The trial court having concluded that the erroneous instruction on the last clear chance doctrine resulted in a miscarriage of justice, under the holding in *Lasch* v. *Edgar*, 46 Cal.App.2d 726, 729 [116 P.2d 949] and other cases, the order granting a new trial "should not be disturbed on appeal except in a case showing clearly that his ruling was wrong." There is no such showing in the instant case. The opinion in the Lasch case says: "It has been held that the trial judge is in a much better position than is an appellate court to judge of the effect which an erroneous instruction had on the verdict of the jury. . . . In *Nance* v. *Fresno City Lines, Inc.*, 44 Cal.App.2d 868 [113 P.2d 244], it was said: 'It is well established that, in passing on a motion for a new trial, a trial judge is as firmly bound by this constitutional provision (Sec. 4½, art. IV, Const.) as is an appellate court when the cause is on appeal. It is his duty to sit as a thirteenth juror and weigh the evidence, pass upon its sufficiency and consider the credibility of witnesses. This is true even though he does not specify the insufficiency of the evidence as one of the grounds for granting a new trial because the Constitution contains the direction that he shall not grant a new trial because of errors in instructions to the jury until he has re-examined the entire cause and shall have formed the opinion that the errors complained of have resulted in a miscarriage of justice.' "

It is evident from the trial court's statement contained in the order granting a new trial hereinbefore quoted, that the entire cause had been reexamined and that the erroneous instruction was deemed prejudicial. Even without

such a statement, a presumption to that effect, exists. (*Bieser* v. *Davies,* 119 Cal.App. 659 [7 P.2d 388].)

The orders granting new trials are therefore affirmed.

York, P. J., and White, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied January 24, 1946. Carter, J., voted for a hearing.